THE CAT TAIL DRAINAGE DISTRICT, Appellee, *vs.* THE JOHNSON CREEK LEVEE AND DRAINAGE DISTRICT, Appellant.

*Opinion filed October 24, 1916.*

1. APPEALS AND ERRORS—*judgment sustaining demurrer to pleas is not a final judgment.* In a proceeding under the act of 1913, relating to adjoining drainage districts, to recover the cost of constructing outlet ditches, if the answer and cross-petition of the defendant district are stricken and a demurrer is sustained to its pleas the defendant has the right to file a new answer or pleas for the purpose of putting the case at issue, or it may elect to stand by its answer or pleas and refuse to answer or plead further and thus enable the court to enter judgment by default, but a judgment sustaining a demurrer to the pleas is not a final judgment.

2. PLEADING—*how issue should be joined in proceeding under the act of 1913, relating to adjoining drainage districts.* The procedure in joining issue in an action at law for the recovery of money is the procedure to be followed in joining issue in a proceeding brought by one drainage district against another under section 7 of the act of 1913, relating to adjoining drainage districts, to recover the cost of constructing outlets.

3. SAME—*what defendant must do to have sufficiency of answer passed upon by the Supreme Court.* If the defendant drainage district in a proceeding under the act of 1913, relating to adjoining drainage districts, desires to have the Supreme Court pass upon the sufficiency of its answer or pleas to the petition it must elect to stand by such answer or pleas and refuse to answer further, so that the trial court may render judgment by default.

APPEAL from the County Court of Whiteside county; the Hon. JOHN B. CRABTREE, Judge, presiding.

J. A. RIORDON, (H. C. WARD, of counsel,) for appellant.

M. C. ROGERS, and CHARLES C. MCMAHON, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant, the Johnson Creek Levee and Drainage District, was organized under the Levee act in 1906. Appellee, the Cat Tail Drainage District, was organized under the same act in 1907 and lies adjoining the Johnson Creek district on the south. The Cat Tail district filed its petition in the county court of Whiteside county to recover under the act of 1913 from the Johnson Creek district its just proportion of the cost of the construction and maintenance of outlet ditches beyond the boundaries of said districts for the common benefit of both districts. The petition set out the cost and expense which the petitioner had incurred in obtaining the right of way by releases and condemnation and the work and expense of excavating and constructing the ditches. Appellant first moved to dismiss the petition. This motion was overruled and appellant demurred to the petition. The demurrer was overruled, and appellant then filed an answer and also filed what is called a cross-petition. Appellant also filed eight pleas to the petition. On motion of appellee the answer of appellant to the petition, and the cross-petition filed by appellant, were stricken from the files, and a demurrer by appellee was sustained to each of the pleas but no final judgment was rendered by the county court. The judgment recites that the cause came on to be heard upon the motion to strike from the files the answer and cross-petition of appellant; that the motion was allowed and the same ordered stricken, and it was further ordered that the demurrer to the pleas be sustained. Appellant excepted, the exception was overruled, and appellant prayed an appeal to the Supreme Court.

Section 7 of the act of 1913 provides that upon the filing of the petition the usual common law summons shall issue against the district alleged to be benefited by the work

of the petitioning district and the cause shall be tried at any probate or common law term of court, "and the practice shall be as in cases at common law." Section 12 provides that upon the conclusion of the hearing a judgment shall be rendered according to the finding of the court and each district ordered to collect from the land owners, as benefits, the respective amounts which the court finds should be borne by the respective districts, and when so collected to be paid as provided in the order of the court entered on the hearing of the report of the commissioners.

No issue was ever joined upon the facts alleged in the petition. When the answer and cross-petition were stricken and the demurrer sustained to the pleas the case stood upon the unanswered petition of appellee, and appellant had the right to file an amended or different answer or pleas for the purpose of putting the case at issue, or the court might, if it refused to further answer or plead, have defaulted appellant and rendered judgment by default. That, however, was not done. Appellant neither elected to stand by its answer or pleas nor refused to answer or plead further, and the court rendered no judgment by default nor any judgment of any kind except an order sustaining the demurrer. Clearly, there was no judgment rendered from which an appeal would lie. *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 Ill. 200; *Wenom* v. *Fossick,* 213 id. 70; *Chicago and Northwestern Railway Co.* v. *City of Chicago,* 148 id. 141; *Gage* v. *Eich,* 56 id. 297.

Counsel for appellant say that the statute does not make it plain how issue is to be joined in a proceeding of this character, and say one of the principal reasons for prosecuting this appeal is to have the correct practice pointed out. The act under which this proceeding was had provided that upon the filing of the petition, the issue and service of summons, the practice shall be as in cases at common law. The profession is familiar with the procedure in joining issue in an action at law for the recovery of money, and as we

understand the statute that is all that is necessary to be understood in joining issue upon an action brought under the act of 1913.

This record presents no question for us to pass upon. If appellant had desired the sufficiency of its answer or pleas passed upon, it should have elected to stand by them and refused to answer further, so that the court might have rendered judgment by default.

The appeal is dismissed.        *Appeal dismissed.*