(No. 13369.—Writ dismissed.)

THE PEOPLE ex rel. Roy A. H. Thompson, Defendant in Error, vs. LOUIS L. EMMERSON, Secretary of State, Plaintiff in Error.

*Opinion filed June 16, 1920—Rehearing denied October 13, 1920.*

1. APPEALS AND ERRORS—*section 91 of the Practice act does not authorize writ of error in special statutory proceeding.* Section 91 of the Practice act, authorizing writs of error from the Supreme and Appellate Courts to review final judgments of inferior courts "in any suit or proceeding at law or in chancery," does not authorize a writ of error in a special statutory proceeding unknown to the common law.

. 2. SAME—*writ of error does not lie to review judgment on petition under Securities act.* No writ of error lies, on the application of either party, to review a judgment of the circuit court of Sangamon county on a petition in the nature of *mandamus* to compel the Secretary of State to file a statement by the petitioner for the classification of its stock under the Illinois Securities act, as the various provisions of such act clearly indicate that such judgment shall not be subject to review.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. FRANK W. BURTON, Judge, presiding.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, and JAMES W. GULLETT, of counsel,) for plaintiff in error.

BARTHELL, FITTS & RUNDALL, and TIMOTHY J. SULLIVAN, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is a proceeding under the Illinois Securities law (Laws of 1919, p. 353,) by petition in the nature of a petition for *mandamus* to require the Secretary of State to file the statement presented to him for that purpose by

the petitioner, for the purpose of classifying under said act in class "C" the stock of "Spoehr's," a corporation. The Secretary of State being of opinion the statement was not a sufficient compliance with the requirements of the statute declined to accept and file the statement. Thereupon this petition was filed in the circuit court of Sangamon county, as authorized by said statute. The Secretary of State answered the petition, a hearing was had and an order entered directing the Secretary of State to file the statement and supplement thereto introduced at the hearing. This writ of error was sued out by the Secretary of State to review that judgment.

A motion to dismiss the writ for want of jurisdiction was made by defendant in error, which motion was taken with the case. We are of opinion the motion must be sustained and the writ dismissed. Under the common law the writ of error is directed to all inferior courts of record exercising their jurisdiction according to the course of the common law. Where property rights or personal liberty is involved, independent of statutory or constitutional provisions, the writ lies by force of the common law to inferior courts, where its jurisdiction is exercised according to the course of the common law. (*Haines* v. *People,* 97 Ill. 161.) Section 91 of the Practice act authorizes writs of error from the Supreme and Appellate Courts to review final judgments of inferior courts "in any suit or proceeding at law or in chancery." In *Lavin* v. *Wells Bros. Co.* 272 Ill. 609, the court said: "The term 'suit or proceeding at law or in chancery' includes every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery, and also all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery, but does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at

law or in chancery." The same rule is stated in *Christensen* v. *Bartelmann Co.* 273 Ill. 346, *Myers* v. *Newcomb Drainage District*, 245 id. 140, *Loomis* v. *Hodson*, 224 id. 147, and other decisions referred to in the opinions in those cases. This was a special statutory proceeding unknown to the common law, created since the adoption of our constitution, in which the jurisdiction of the circuit court was exercised according to the statute and not according to the course of the common law. It involved no right of property or personal liberty, and under our decisions a writ of error will not lie from this court to review its judgment.

We are furthermore of the opinion it appears from the act here under consideration that it was not intended by the legislature that there should be any review of the decision, and that seems apparent from the provisions of the act. Section 18 (Laws of 1919, p. 360,) authorizes the person presenting the statement to the Secretary of State for filing, in case he refuses to file it, to within thirty days file a petition in the circuit court of Sangamon county praying he be required to file it, and authorizes the court to make such orders and decrees as the equities and exigencies of the case may require. "Judgment against the plaintiff shall be final" but shall not bar his right to file new statements, nor shall the judgment in favor of the plaintiff prevent the Secretary of State from thereafter applying for injunction or otherwise proceeding as is provided in the act. Section 20 provides that so long as any security is offered for sale under the provisions of the act, such person, issuer, dealer, agent or broker shall, on or before the expiration of each six months' period from the date of filing the original statement, and oftener if required by the Secretary of State, file new or supplemental statements showing the amount of securities sold, the price thereof, amount of cash received therefor by the issuer, all changes in the financial condition of the issuer or in its management, accompanied by a copy of its balance sheet showing

the financial condition of the issuer at a date not more than thirty days prior to the date of such filing, and such other facts as the Secretary of State may require, such supplemental statement to be verified in the same manner as the original statement. Section 24 provides that in case any statement filed in the office of the Secretary of State shall in his judgment be inadequate, insufficient or not in compliance with the statute, or in case the plan disclosed by the statement would in the judgment of the Secretary of State tend to work a fraud upon the people, or if it shall be made to appear to the Secretary of State, by complaint or otherwise, that the statements filed are in any material respect false, or if it shall be made to appear to the Secretary of State that conditions with respect to such securities have so changed that their further sale or offering them for sale would tend to operate as a fraud upon the people, or that any of the terms of the act are not complied with, the Secretary of State shall in the name of the People of the State of Illinois, through the Attorney General, apply for an injunction in any court of competent jurisdiction to restrain the further sale of such securities. The complainant shall not be required to give bond, and in no case shall the Secretary of State incur any official or personal liability by instituting injunction proceedings. The writ of error is subject to regulation by statute as well as the right of appeal, (*Haines* v. *People, supra,*) and it seems the intention of the act is that no review of the judgment or decree of the circuit court of Sangamon county should be had by either party. The statute expressly provides that a judgment of that court against the plaintiff shall be final, but he is not left without remedy, for the judgment is no bar to his right to file new statements under the act. It is not expressly stated in the statute that a judgment of the Sangamon county circuit court against the Secretary of State shall be final, but it is expressly provided that such judgment

shall not prevent him from thereafter applying for an injunction under the provisions of the act which we have briefly referred to. The apparent intention of the legislature was to confer power upon the Secretary of State to protect the public, in case judgment was rendered against him, without resort to a review of the judgment in a court of appellate jurisdiction.

We are of opinion the writ of error will not lie, and it is dismissed. *Writ dismissed.*