(No. 15999.—Appeal dismissed.)

UNION DRAINAGE DISTRICT No. 6, Appellant, *vs.* DUPUIS-GRANGER DRAINAGE DISTRICT No. 11, Appellee.

*Opinion filed June 17, 1924.*

1. APPEALS AND ERRORS—*right of appeal must be conferred by statute.* The right of appeal is not a constitutional right and it does not exist unless it is expressly conferred by statute.

2. DRAINAGE—*there is no right of appeal from judgment under section 8 of act of 1913, for connection of ditches.* Section 8 of the act of 1913, authorizing a judgment apportioning costs for the connection of the ditches of adjoining drainage districts where the commissioners have failed to agree, makes no provision for an appeal, and no right of appeal from such judgment exists either by virtue of section 5, which applies only to cases where the commissioners have agreed, or under the general practice authorized by section 123 of the County Court act.

APPEAL from the County Court of Kankakee county; the Hon. HENRY F. RUEL, Judge, presiding.

E. J. LAMARRE, and H. H. WHEELER, for appellant.

MILLER & STREETER, and C. M. CLAY BUNTAIN, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted by Union Drainage District No. 6 of the towns of Manteno and Bourbonnais, in Kankakee county, from a judgment of the county court sustaining a demurrer to and dismissing a petition filed by appellant against Dupuis-Granger Drainage District No. 11 of the town of Manteno, in said county. The two districts adjoin each other, and the petition was filed by appellant against appellee under the authority of section 6 of the act of July 1, 1913, to authorize adjoining districts to connect

their ditches and drains and to provide for the apportionment of the costs when both districts are benefited. (Cahill's Stat. 1923, chap. 42, pp. 1343-1346.) The first five sections of the act apply to situations where the commissioners of two adjoining districts have agreed, in writing, on the respective amounts to be paid by each where the districts are connected, and authorize application to the county court for an order and judgment approving the contract. Section 5 provides that a judgment of approval shall thereafter be binding on both districts but authorizes a review of the judgment by appeal or writ of error. Section 6, under which the petition in this case was filed, applies to cases where the commissioners have not agreed to an adjustment of the amount each should pay. In such a case the district making the connection is authorized to file a petition setting forth the facts and asking the court to determine the amount, if any, each should pay. Section 7 provides for notice by summons and a hearing on the petition; and section 8 authorizes the court to determine from the evidence what sum, if any, each district shall pay, and render judgment accordingly. No appeal is authorized by that section from the judgment, and appellee has filed a motion to dismiss the appeal.

We are of opinion the motion to dismiss the appeal must be sustained. The only suggestion counsel for appellant make in opposition to the motion is, section 7 provides that upon filing the petition "the usual common law summons shall issue" and at the hearing "the practice shall be the same as in cases at common law," and therefore section 123 of the County Court act, providing for appeals from final judgments of the county court "in all common law and attachment cases," authorizes the appeal in this case. This action is a special statutory proceeding. The fact that the practice in the county court is to be the same as in cases at common law does not make it a common law

action, and the right of appeal is not given by section 123. The right of appeal is conferred by statute and is not a constitutional right. Unless expressly conferred by statute no right to appeal exists. *Drainage Comrs.* v. *Harms,* 238 Ill. 414; *Lower Salt Fork Drainage District* v. *Smith,* 257 id. 52.

Section 5 of the act under which this proceeding was instituted authorizes an appeal, but that applies only to cases where the commissioners of the two districts have agreed, in writing, to an adjustment of the respective amounts to be paid by them. The judgment from which this appeal is prosecuted was rendered under the authority of section 8 of the act, and is only authorized in cases where the commissioners have failed to enter into a contract adjusting their respective liabilities. In such case the county court is authorized to determine from the evidence the liability of each district and render judgment therefor, and the right to appeal from the judgment is not provided for or mentioned. Certainly section 8 does not authorize an appeal, and unless it is authorized in such cases by some other statute none can be prosecuted. We have been referred to no statute, and we know of none, which authorized the appeal to this court. This court considered an appeal from a judgment under the statute here involved in *Cat Tail Drainage District* v. *Johnson Creek Drainage District,* 275 Ill. 191, (not referred to by counsel,) but in that case the right of appeal was not questioned and the court's attention was not called to the statute failing to authorize the appeal.

In the absence of statutory authority the appeal was unauthorized, and the motion to dismiss it will be allowed.

*Appeal dismissed.*