(No. 16404.—Appeal dismissed.)
*In re* Petition of George S. Forbes.

*Opinion filed February 17, 1925.*

1. Municipal corporations—*a proceeding to exempt property from zoning ordinance is a special statutory proceeding.* The proceeding authorized by the Zoning act before the board of appeals to exempt property from the provisions of a zoning ordinance is a special statutory proceeding, and the writ of *certiorari* authorized to be issued by the circuit court to review the decision of the board of appeals is a special statutory writ, the proceedings with respect thereto being governed by the provisions of the Zoning act.

2. Appeals and errors—*judgment of circuit court in proceeding to exempt property from zoning ordinance is not reviewable.* As the proceeding before the board of appeals to exempt certain property from the provisions of a zoning ordinance is not a proceeding at law or a suit in equity, and no right of appeal is given by the Zoning act to review the decision of the circuit court on writ of *certiorari* to review the decision of the board of appeals, no right exists to review the judgment of the circuit court by appeal or writ of error.

Appeal from the Circuit Court of Cook county; the Hon. Philip L. Sullivan, Judge, presiding.

John L. Davidson, for appellant.

Charles P. Molthrop, for appellee.

Mr. Justice Thompson delivered the opinion of the court:

Appellant, George S. Forbes, the owner of certain property in the village of River Forest, which village is zoned into residential, commercial and industrial districts, filed an original petition with the board of appeals created by the zoning ordinance of River Forest, asking that his property, which is located in "A" district, where the use of property is restricted to family residences, be exempted from the op-

eration of said ordinance so that he could use it for business purposes. The board denied the prayer of the petition, and the circuit court of Cook county, on petition of appellant, allowed a writ of *certiorari* to review the decision of the board. The circuit court held that the board of appeals was without jurisdiction to hear and determine the petition of Forbes and remanded the case to the board with directions to dismiss the petition. Forbes has prosecuted an appeal to this court to review the order of the circuit court.

The proceeding in this case is a special statutory proceeding unknown to the common law, in which the jurisdiction of the circuit court was exercised according to the statute and not according to the course of the common law. Section 3 of the Zoning act provides that the board of appeals shall hear and decide appeals from, and review any order, requirement, decision or determination made by, an administrative official charged with the enforcement of any zoning ordinance adopted pursuant to the act. The act further provides that the decision of the board of appeals may be reviewed by any court of record, provided the court grants the prayer of the petition filed with it and directs the issuance of a writ of *certiorari*. (Smith's Stat. 1923, p. 227.) The writ of *certiorari* authorized by the act is a special statutory writ; and the proceedings with respect thereto are controlled by the statute creating the board of appeals and the right to review its decisions. The statute does not authorize a review of the judgment of the court of record reviewing the decision of the board of appeals, and, there being no right of review by appeal granted by the statute, no right to appeal exists. (*Union Drainage District* v. *Dupuis-Granger Drainage District,* 313 Ill. 37; *People* v. *Andrus,* 299 id. 50; *Drainage Comrs.* v. *Harms,* 238 id. 414.) This proceeding is not a suit in equity or a proceeding at law within the meaning of section 91 of the Practice act, and so the judgment of the circuit court is not reviewable either by appeal or writ of error. *People* v. *Em-*

*merson*, 294 Ill. 219; *Christensen v. Bartelmann Co.* 273 id. 346; *Myers v. Newcomb Drainage District*, 245 id. 140.

The appeal must be dismissed for want of jurisdiction to entertain it.

*Appeal dismissed.*