(No. 16499.—Writ of error dismissed.)
ROBERT G. PHELPS, Plaintiff in Error, vs. THE BOARD OF
APPEALS OF THE CITY OF CHICAGO, Defendant in Error.

*Opinion filed April 20, 1927—Rehearing denied June 10, 1927.*

1. APPEALS AND ERRORS—*constitutional question must be raised in trial court.* A constitutional question cannot be urged in the Supreme Court unless the question was in some way presented in the trial court for its decision and preserved for review.

2. SAME—*Supreme Court will not review case involving only construction of ordinance.* While the Supreme Court has jurisdiction, by direct appeal or writ of error, of a case in which the validity of a municipal ordinance is involved and in which the trial judge certifies that the public interest requires such direct review, it does not have such jurisdiction of a case in which the question to be determined is merely the construction of the ordinance.

3. SAME—*general rule as to when section 91 of Practice act applies.* The provision of section 91 of the Practice act authorizing writs of error "in any suit or proceeding at law or in chancery" includes all proceedings so called at the adoption of the constitution, and also all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery, notwithstanding preliminary proceedings provided for the enforcement of such rights are different from the common law; but where the right is purely statutory and non-existent at common law and the method of its enforcement is not according to the course of the common law, the Practice act is inapplicable and the particular statute is conclusive on the question of the right to a review.

4. MUNICIPAL CORPORATIONS—*judgment of circuit court not reviewable prior to amendment of Zoning law in 1925.* Although a writ of error is a writ of right by the common law and may be prosecuted in all cases involving liberty or property rights unless prohibited by statute, a judgment of the circuit court reviewing a decision of the board of appeals under the Zoning law prior to the enactment of section 3a in 1925 was not reviewable either by appeal or writ of error on behalf of either party, as the proceeding is a special statutory one, both the right and the remedy involved being unknown to the common law.

DUNCAN, J., dissenting.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE FRED RUSH, Judge, presiding.

325—40

CLELAND, LEE & PHELPS, (ROBERT G. PHELPS, *pro se,*) for plaintiff in error.

FRANCIS X. BUSCH, Corporation Counsel, (DANIEL V. GALLERY, WILLIAM L. SULLIVAN, BARNET HODES, and THOMAS J. SHEEHAN, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

On May 8, 1924, an application was made to the commissioner of buildings of the city of Chicago, on behalf of the Catholic Bishop of Chicago, for a permit to build a church and school on a parcel of land located at the northwest corner of Longwood drive and West 101st place, in that city. A protest, signed by substantially all of the residents and owners of property in the block which included the parcel of land in question, that the zoning ordinance of the city excluded buildings of the character proposed from that location was filed with the commissioner. Notwithstanding this protest the desired permit was issued on May 10, 1924, without notice to any of the objectors. An appeal was taken to the board of appeals created by the zoning ordinance. A hearing followed, and the board sustained the action of the commissioner. Within thirty days after that decision Robert G. Phelps, one of the objectors, filed in the circuit court of Cook county his petition for a writ of *certiorari* to review the proceedings of the board of appeals. The writ was issued and the board in its return certified a complete transcript of the evidence and the proceedings in the cause. The hearing in the circuit court was had upon the petition and the return, and the court quashed the writ of *certiorari* and dismissed the petition. This writ of error is prosecuted by the petitioner for a review of the record.

The defendant in error, the city of Chicago, has filed a motion to dismiss the writ of error for want of jurisdiction.

In opposition to that motion the plaintiff in error suggests that certain portions of the zoning ordinance of the city of Chicago are unconstitutional and invalid. Neither in the petition for the writ of *certiorari* filed in the circuit court, nor in the assignment of errors upon the action of the board of appeals, was there any contention that any part of the zoning ordinance was invalid. On the hearing in the circuit court the validity of the zoning ordinance was not assailed nor was there a ruling upon the question. In his assignment of errors in this court the plaintiff in error for the first time asserts the invalidity of certain provisions of the zoning ordinance. It has been held uniformly that a constitutional question cannot be urged in this court unless the question was in some way presented to the trial court for its decision and preserved for review. *Albrecht* v. *Omphghent Township,* 324 Ill. 200; *Davis* v. *Industrial Com.* 297 id. 29; *McNeil & Higgins Co.* v. *Neenah Cheese Co.* 290 id. 449; *People* v. *Rawson,* 278 id. 654; *Moses* v. *Royal Indemnity Co.* 276 id. 177; *Wennersten* v. *Sanitary District,* 274 id. 189.

The question presented to the board of appeals for determination was the construction, and not the validity, of certain provisions of the zoning ordinance. In the circuit court it was insisted that the action of the board of appeals was illegal because its interpretation of the zoning ordinance was erroneous. While this court has jurisdiction, by direct appeal from or writ of error to the trial court, of a case in which the validity of a municipal ordinance is involved and in which the trial judge certifies that in his opinion the public interest requires such direct review, yet this court does not have jurisdiction, by such direct appeal or writ of error, of a case in which the question to be determined is merely the construction, and not the validity, of a municipal ordinance. Practice act, sec. 118; *Village of LaGrange Park* v. *Jarecki,* 321 Ill. 177.

The instant writ of error was sued out prior to the enactment of section 3*a* of the Zoning law, (Laws of 1925, p. 244,) which provides: "Appeals shall lie to and writs of error from the Appellate or Supreme Court to review the final orders, judgments or decrees of the court. Appeals or writs of error in this section allowed shall be subject to the limitations of 'An act in relation to practice and procedure in courts of record,' approved June 3, 1907, as amended." Plaintiff in error, however, contends that a property right is here asserted, and that when personal liberty or a property right is involved in a cause and no specific review of the particular proceeding, or right thereto, is provided by statute, a writ of error is available as a constitutional or common law right. A writ of error is a writ of right by the common law and may be prosecuted in all cases involving liberty or property rights unless prohibited by statute. (*State of Illinois* v. *Ajster*, 318 Ill. 230; *People* v. *Emmerson*, 294 id. 219; *Haines* v. *People*, 97 id. 161.) Section 91 of the Practice act authorizes writs of error from the Supreme and Appellate Courts to review the final judgments of inferior courts "in any suit or proceeding at law or in chancery." The phrase "suit or proceeding at law or in chancery" includes every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery, and also all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery, but does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery. (*Douglas* v. *Hutchinson*, 183 Ill. 323; *Christensen* v. *Bartelmann Co.* 273 id. 346; *Lavin* v. *Wells Bros. Co.* 272 id. 609; *People* v. *Emmerson, supra.*) Even if the right sought to be asserted is one which did not exist at common law but is of statutory origin, yet if it is similar in character to

a common law right it is not essential, to make the writ available, that the provisions for the enforcement of the right in its primary stages be in accordance with common law methods, if, when the right is later asserted in a court of record, the procedure for its enforcement assumes the aspect of a proceeding according to the course of the common law. In such a case section 91 of the Practice act applies and the writ of error is available. (*Christensen* v. *Bartelmann Co. supra; Lavin* v. *Wells Bros. Co. supra.*) If, however, the right is a statutory one, non-existent at common law, and the method for its enforcement is not according to the course of that law, the Practice act is inapplicable and the particular statute is conclusive on the question of the right to a review. *In re Petition of Forbes,* 316 Ill. 141; *Wetaug Drainage District* v. *Illinois Central Railroad Co.* 297 id. 350; *Cataldo* v. *Ostiuso,* 253 id. 138; *Devous* v. *Gallatin County,* 244 id. 40; *Loomis* v. *Hodson,* 224 id. 147; *People* v. *Emmerson, supra.*

Both the right here asserted and the provisions for its enforcement were unknown to the common law. The right and the remedy were created solely by statute since the adoption of the present constitution. The jurisdiction of the circuit court in the instant case was exercised in conformity with the statute and not according to the course of the common law. The proceeding was a special statutory one. It was neither a suit at law nor in equity within the meaning of section 91 of the Practice act. It follows that the judgment of the circuit court is not reviewable either by appeal or writ of error. *In re Petition of Forbes, supra; People* v. *Emmerson, supra; Christensen* v. *Bartelmann Co. supra; Myers* v. *Newcomb Special Drainage District,* 245 Ill. 140.

The plaintiff in error, however, argues that if the judgment of the circuit court had been adverse to the property owner he would have suffered the deprivation of a property right enabling him to prosecute a writ of error, and that if

the writ was available to him it would necessarily be available to both parties, and *Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475, is relied upon in support of this contention. In that case Sweeney prosecuted a writ of error from this court to the county court of Lake county to review a proceeding to condemn a right of way for a telephone line. The writ was dismissed for the reason that the condemnation of private property for public use under the Eminent Domain act is a special, statutory and summary proceeding, which may be reviewed by appeal as provided by the act itself but not by writ of error, since the right to the writ is not expressly given by the statute. The writ was not available to either party, and it was expressly held that a writ of error is not a writ of right in any special statutory proceeding. The instant proceeding was of that character, and a judgment of the circuit court adverse to the property owner would not have enabled him to prosecute a writ of error to review the proceeding.

The writ of error must be dismissed for want of jurisdiction.              *Writ dismissed.*

Mr. JUSTICE DUNCAN, dissenting.