(No. 23434.—

The People of the State of Illinois, Appellant, *vs.*
Lethal Betourne Graw *et al.* Appellees.

*Opinion filed April 24, 1936.*

OTTO KERNER, Attorney General, (STANLEY WATSON, and FRANK J. BURNS, of counsel,) for appellant.

EVA L. MINOR, for appellees.

Mr. JUSTICE JONES delivered the opinion of the court:

The circuit court of Kankakee county dismissed a complaint filed by the Attorney General for the collection of inheritance taxes assessed in the estate of Tillie Spies, deceased. He has appealed.

Decedent died testate July 20, 1930. At the time of her death she owned a lot in the city of Kankakee on which there were three dwellings and a garage. It was encumbered by a trust deed given to secure an indebtedness of $3000 then held by Louise Foerster. Decedent's husband, William P. Spies, qualified as executor. The will devised him a life estate in the property, with remainder to decedent's nephew and niece, Paul Betourne and Lethal Betourne, in equal shares. In the inheritance tax proceedings had in July, 1930, the testimony showed the value of the property to be from $12,000 to $12,500. The net value, after deducting the incumbrance of $3000 and other liabilities of the estate, was placed at $8721.97. A tax of $100.83 was fixed on the respective shares of the nephew

and niece. Decedent had no personal property, and in 1935 the real estate was sold under a decree of the county court to pay debts. Louise Foerster transferred the trust deed and note to her son, Alfred Foerster, a few days before the sale, at which she became the purchaser for $250. It appears that she is now the owner and he owns the incumbrance. This suit was instituted after the sale but within the five-year period allowed by law for the enforcement of a tax lien.

It is the contention of appellees that the county court is invested with exclusive jurisdiction of the subject matter of such proceedings and that the circuit court was without power to entertain the complaint. Section 14 of the Inheritance Tax act (Ill. State Bar Stat. 1935, chap. 120, par. 409,) provides that the county court in the county where the property of a non-resident is situated or in the county of which a deceased was resident at the time of his death, shall have jurisdiction to hear and determine all questions in relation to the tax arising under the provisions of the act, and the county court first acquiring jurisdiction shall retain it to the exclusion of every other. Section 16 makes it the duty of the Attorney General to prosecute the collection of taxes in default by a complaint in chancery in the name of the People to enforce the lien of the tax, and the county courts are invested with full jursdiction to hear and determine such suits. The process, practice and proceedings shall be the same as in other civil cases. In addition to that remedy the tax may be recovered in a civil action brought by the Attorney General in the name of the People against any person liable for the tax, and he is authorized to bring such action in any court having jurisdiction.

Obviously, the provision of section 14 that the county court first acquiring jurisdiction shall retain it to the exclusion of every other was intended to cover cases where a decedent had property in more than one county in this

State, and has no application to this case. The expression in *Talbot* v. *People,* 339 Ill. 333, that under section 14 general jurisdiction to hear and determine all questions in relation to such taxes is vested in the county court does not mean that the county court has exclusive jurisdiction in the enforcement of tax liens. In that case we were dealing with a petition for re-assessment of the tax under section 25 of the act.

By the constitution circuit courts have jurisdiction of all causes in law and equity. The term "all causes in law and equity" includes every claim or demand in a court of justice which was known at the adoption of the constitution as an action at law or a suit in chancery, and also all actions since provided for which involve personal or property rights of the same nature as those previously enforced by actions at law or in equity. It does not apply to special statutory proceedings involving rights and providing remedies not of a kind previously existing at law or in equity. (*People* v. *Emmerson,* 294 Ill. 219; *Christensen* v. *Bartelmann Co.* 273 id. 346; *Lavin* v. *Wells Bros. Co.* 272 id. 609.) Liens are enforceable in equity unless the law has provided another mode. (*Cairo and Vincennes Railroad Co.* v. *Fackney,* 78 Ill. 116.) The jurisdiction of circuit courts in such cases was recognized long before the adoption of the constitution. An instance of this is *McLaurie* v. *Thomas,* 39 Ill. 291. The method of fixing the tax is a special statutory proceeding, but the method of enforcing the lien of the tax is the same general remedy in equity that was in existence for the enforcing of liens before the adoption of the constitution and of which circuit courts had jurisdiction. The constitution continues that jurisdiction without change in procedure. There is in the particular statute no apparent intent of the legislature to deprive the circuit court of, or to abridge, that jurisdiction and the legislature cannot deprive it of such power. (*Stephens* v. *Chicago, Burlington and Quincy Railroad Co.*

303 Ill. 49; *Frackelton* v. *Masters,* 249 id. 30; *Wilson* v. *People,* 94 id. 426.) Therefore the circuit court had jurisdiction of the proceeding.

Next to be considered is the liability of the taxees. Section 1 of the act imposes a tax upon the transfer of the property of a decedent. Section 3 provides that the tax shall accrue and be due and payable at the death of the decedent. General taxes are imposed upon the corpus of property and are entitled to priority over all other debts against it, secured or unsecured. Transfer taxes are assessed upon a different basis. They are not imposed on the property but on the right to succeed to it on the death of the owner. The right of the State to a tax is equal in degree to that of the personal representative, heir or devisee and vests at the same time. *National Safe Deposit Co.* v. *Stead,* 250 Ill. 584.

The tax against the shares devised to the nephew and niece was fixed shortly after the death of Mrs. Spies. No appeal was taken and no effort was made to have a re-appraisement under paragraph (*c*) of section 8 of the Inheritance Tax act. As to such taxees the judgment was final and the Attorney General was authorized to bring suit against them for the amounts of the tax assessed against them. No service was had on the niece but personal service was had on the nephew, and the court erred in not entering judgment for the amount assessed against him, with interest. The executor likewise took no steps to obtain a re-assessment but was content to abide by the original assessment. Therefore, under section 5 of the act, he is personally liable for the entire tax assessed in this behalf, and judgment should have been entered against him accordingly.

When the real estate was sold under the decree of the county court to pay debts of the decedent there were two outstanding valid liens against it, (1) the trust deed, and (2) the lien of the tax as provided by section 2 of the act.

The bidder made her purchase with knowledge of these facts, and the circuit court should have entered a decree for sale of the land to pay the taxes assessed unless they were paid within a reasonable time by the purchaser or someone who is legally bound to pay them. One satisfaction will, of course, discharge the tax lien and the taxes themselves.

The judgment of the circuit court dismissing the complaint was erroneously entered and is reversed. The cause is remanded to the circuit court of Kankakee county, with directions to set aside said judgment and to enter one in conformity with the views herein expressed.

*Reversed and remanded, with directions.*