City of Freeport et al., Appellants, v. Robert Kaiser, Appellee.

Gen. No. 9,602.

the October term, 1940.    Heard in this court at Opinion filed July 9, 1941.

MARVIN F. BURT, of Freeport, for appellants.

HEARD & WILSON, of Freeport, for appellee; OSCAR E. HEARD, JR. and WILLIAM S. WILSON, both of Freeport, of counsel.

MR. JUSTICE DOVE delivered the opinion of the court.

Appellee, a tavern keeper, held a retail liquor dealer's license, issued by the City of Freeport. The mayor and ex officio liquor control commissioner revoked the license on account of appellee's conviction before a police magistrate on a charge of selling alcoholic liquor (beer) to a minor. Kaiser appealed to the Illinois Liquor Control Commission. After notice and a hearing, the commission held the local commissioner had just cause to revoke the license and denied the appeal. The commission made a like finding and order upon a rehearing, and Kaiser prosecuted an appeal to the circuit court of Stephenson county, where the cause was heard upon notice and a transcript of the record of the liquor control commission. The circuit court held the purported revocation was without notice or hearing and without any record of the revocation proceedings; that the transcript of the proceedings before the police magistrate did not show a violation of any law or ordinance; and that there was no valid basis for revoking the license. The orders of the commission were vacated and the proceedings quashed. The City of Freeport, and the mayor and ex officio liquor control commissioner have prosecuted this appeal.

Appellee has filed a motion to dismiss the appeal, which has been taken with the case. The grounds of the motion are that we are without jurisdiction to entertain the appeal because the Liquor Control Act is purely statutory, complete within itself, is not amendatory of any other act, and provides for appeals only from the local commission to the State commission, and from the latter to the circuit or superior court of the county in which the premises licensed are situated; that the hearing in the circuit or superior court is confined to the matters raised and relied upon at the rehearing before the State commission; that the act provides for no other or further appeal and

that the decision of the circuit or superior court is final.

Section 8 of Article 7 of the Liquor Control Act approved January 1, 1934 (Ill. Rev. Stat. 1939, ch. 43, par. 153 [Jones Ill. Stats. Ann. 68.060]) provides for appeals from the local commission to the State commission. Section 8a provides in part as follows:

"Appeal from any decision of the State commission, except in cases involving railroad or boat licenses, shall lie to the Circuit or Superior Court of the county in which the premises licensed, or proposed to be licensed, are situated."

There is no provision in the act for the review of any order, judgment or decree of the circuit or superior court in such proceedings, by appeal, writ of error or otherwise.

Appellants quote the provision of section 8 of "An .Act to establish Appellate Courts," approved June 2, 1877, as amended in 1935. (Ill. Rev. Stat. 1939, ch. 37, par. 32 [Jones Ill. Stats. Ann. 36.032]), which provides that Appellate Courts shall "have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the Superior Court of Cook County, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute."

They also quote section 77 of the Civil Practice Act (Ill. Rev. Stat. 1939, ch. 110, par. 201 (1) [Jones Ill. Stats. Ann. 104.077]), the pertinent part of which reads:

"(1) Appeals shall lie to the Appellate or Supreme Court, in cases where any form of review may be allowed by law, to revise the final judgments, orders or decrees of the Circuit Courts, the Superior Court of Cook County, the County Courts, the City Courts and other courts whose judgments, orders and decrees are

reviewable therein, under such limitations and conditions as may be imposed by law and subject to such rules of court as may be established and promulgated under this chapter.''

Prior to the enactment of the Civil Practice Act, section 91 of the Practice Act of 1907 (Ill. Rev. Stat. 1931, ch. 110, par. 91) provided as follows:

''Appeals shall lie to and writs of error from the appellate or supreme court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery. Appeals or writs of error in this section allowed shall be subject to the limitations by this Act provided and to the conditions imposed by law.''

It is noted that the two latter sections are practically alike, except that the words ''in any suit or proceeding at law or in chancery'' are omitted from section 77 of the Civil Practice Act. Those words, however, are still carried without change in section 8 of the Appellate Court Act as amended in 1933 after the passage of the Civil Practice Act. The law is well settled that a particular statutory provision prevails over a general one relating to the same subject where the two are in conflict. (*Dahnke v. People,* 168 Ill. 102; *People v. Baltimore & O. S. W. R. Co.,* 350 Ill. 217.) Thus, if there is any conflict between the provisions of section 8 of the Appellate Court Act and section 77 of the Civil Practice Act, the particular provision of section 8 will prevail over any general provision of section 77; especially so as section 8 of the Appellate Court Act was amended after the passage of the Civil Practice Act. (*City of Chicago v. Chicago Great Western R. Co.* 348 Ill. 193.) It is also the law that the re-enactment of a law which has been con-

strued by the courts is presumed to have been so re-enacted in view of such construction. (*McGann v. People ex rel. Coffeen,* 194 Ill. 526.) Section 8 of the Appellate Court Act and section 91 of the Practice Act of 1907 were repeatedly construed by the courts of this State prior to the passage of the Civil Practice Act.

It is also to be noted that section 1 of the Civil Practice Act provides:

"The provisions of this Act shall apply to all civil proceedings, both at law and in equity, unless their application is otherwise herein expressly limited, in courts of record, except in attachment, ejectment, . . . or other actions in which the procedure is regulated by special statutes," and in *City of Breese v. Abel,* 359 Ill. 579, the Supreme Court said: "Any action in which the procedure is regulated by special statute is expressly excluded from the terms of the Civil Practice act."

Procedure under the Liquor Control Act is prescribed by the act itself. Our conclusion, therefore, is that the effect of the statutes now in force, so far as they relate to the jurisdiction of this court in the case at bar, is the same as before the enactment of the Civil Practice Act.

The words "suit or proceeding at law or in chancery" as employed in section 91 of the Practice Act of 1907 and section 8 of the Appellate Court Act have been repeatedly construed to include every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or suit in chancery, and also all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery, but does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery. (*Lavin v. Wells*

*Bros. Co.,* 272 Ill. 609; *People v. Emmerson,* 294 Ill. 219; *Phelps v. Board of Appeals of Chicago,* 325 Ill. 625; *People v. Gale,* 339 Ill. 162; *People v. Graw,* 363 Ill. 205.)

Appellants admit that the Liquor Control Act is a comprehensive act governing the control, regulation, manufacture, sale and distribution of alcoholic liquors. Section 8a of the act provides that no ground shall be relied upon in the circuit or superior court which was not set forth in the application for rehearing before the commission. No new or additional evidence can be introduced in court, but the appeal shall be heard upon the notice of appeal and a certified copy of the record of the commission. If it appears that the commission failed to receive properly proffered evidence the court shall remand the case with directions to receive the rejected evidence and enter a new order; provided, that if it shall appear the new evidence would not be controlling the court shall so find in its order and the case shall not be remanded.

Appellants claim the right to appeal lies where the right sought to be asserted is of statutory origin but the procedure assumes the aspect of common-law procedure; and that the procedure for review of a decision of the liquor control commission by the circuit court is analagous to the procedure under the common-law writ of certiorari, except that the court is given the power to remand the case for failure to receive proper evidence. They overlook the fact that in addition to the power to remand, the court is permitted to pass upon the relevancy and weight of evidence outside the record and what shall be done about it. They admit that no such procedure is allowable under the common-law writ of certiorari, and that thereunder the court cannot consider any matter not in the record, and the only action the court can take is to either quash the proceedings or the writ. This refutes the claim of analogy to the procedure under the common-law writ of certiorari. If the statute had provided for

review by certiorari, instead of appeal, with the same provisions it contains, it would not be a common-law certiorari, for the reason already mentioned, and appellants would have no right of review thereunder. (*In re Petition of Forbes,* 316 Ill. 141.)

There are two other methods of review,—by writ of error and by appeal. The writ of error, unless abolished by statute, is a writ of right applicable to all cases in which jurisdiction is exercised according to the course of the common law, but not applicable to cases not known to or in derogation of the common law, unless otherwise provided by statute. The right to appeal from a judgment or order of a *nisi prius* court in civil proceedings is purely statutory, and it is within the power of the legislature to prescribe the cases in which and the court to which a litigant may bring a cause for review by that method. In proceedings which are purely statutory and in which the jurisdiction of the court is not exercised according to the course of the common law there can be no review unless it is specifically provided for by statute and then the review must be had in the manner prescribed. (*Freeport Motor Casualty Co. v. Madden,* 354 Ill. 486.) In that case it was held a writ of error did not lie in a garnishment case, but the only remedy was by appeal, which was specifically provided for by the Garnishment Act.

No writ of error is involved in this case. However, it is to be observed that while a writ of error is a writ of right where the proceeding is according to the course of the common law, an appeal in any case is a matter of statutory privilege not based on any comparable right of review. It follows that decisions denying a writ of error in cases where the procedure is not according to the course of the common law are persuasive in like cases involving the right to appeal.

Under the above mentioned construction of the meaning of the words "suit or proceeding at law or in chancery" and the doctrine that in proceedings which

are purely statutory where the jurisdiction of the court is not exercised according to the course of the common law there can be no review unless it is specifically provided for by the statute, there are many holdings of our Supreme Court denying a review by writ of error of the orders or judgments of *nisi prius* courts. The *Forbes* case, *supra*, was a proceeding in the circuit court to review by statutory certiorari the action of the board of appeals in a zoning case denying a petition to exempt certain property from the provisions of the zoning ordinance. It was sought to review the judgment of the circuit court by writ of error. In denying the right to the writ the court said: ''The statute does not authorize a review of the judgment of the court of record reviewing the decision of the board of appeals, and, there being no right of review by appeal granted by the statute, no right to appeal exists. (*Union Drainage District v. Dupuis-Granger Drainage District,* 313 Ill. 37; *People v. Andrus,* 299 id. 50; *Drainage Comrs. v. Harms,* 238 id. 414.) This proceeding is not a suit in equity or a proceeding at law within the meaning of section 91 of the Practice act, and so the judgment of the circuit court is not reviewable either by appeal or writ of error. (*People v. Emmerson,* 294 Ill. 219; *Christensen v. Bartelmann Co.,* 273 id. 346; *Myers v. Newcomb Drainage District,* 245 id. 140.)'' These pronouncements show the same doctrine is applicable to appeals as is applied to writs of error. Other analogous cases are *Freeport Motor casualty Co. v. Madden, supra* (Garnishment); *People v. Emmerson, supra* (Mandamus to compel Secretary of State to file statement under the Securities Act); *Phelps v. Board of Appeals, supra* (Zoning case); *Heaney v. Northeast Park Dist. of Evanston,* 360 Ill. 254 (Proceeding to test validity of organization of Park District); *Hart Bros. v. West Chicago Park Comr's,* 186 Ill. 464 (Local im-

provement proceeding); *City of Chicago v. Chicago Steamship Lines,* 328 Ill. 309 (Forcible detainer); *Allerton v. Hopkins,* 160 Ill. 448 (Bill of review); *People v. Gale, supra* (Releasing automobile from impounding order).

In the *Phelps* case and the *Gale* case, *supra,* it is held that if the right sought to be asserted is one which did not exist at common law but is of statutory origin and is similar to a common-law right, it is not essential that the provisions for the enforcement of the right in its primary stages be in accordance with common-law methods, if, when the right is later asserted in a court of record, the procedure for its enforcement assumes the procedure according to the course of the common law. Appellants rely upon this principle as stated in the *Gale* case, but it has no application here, because at common law the right to remand was not limited to the single purpose of requiring the receiving of evidence properly proffered but rejected.

Section 14 of article 6 of the Liquor Control Act provides an action for damages against persons selling or giving away alcoholic liquors resulting in intoxication and injury. The claim that such cases are analogous is untenable. They are actions according to the course of the common law upon a cause of action newly created by the statute. The section mentioned does not create a procedural remedy, but merely creates a new cause of action to be enforced by an old remedy, which is according to the course of the common law, and appealable under the Civil Practice Act.

So, too, there is no force in the claim that because appeals have been allowed from orders of circuit courts admitting wills to probate or denying probate, on appeals from the county court, while the Wills Act makes no provision for appeal, except from the county

court to the circuit court. The cases cited by appellants are not applicable here. In *Chandler v. Fisher,* 285 Ill. 57, the court said it had been assumed without discussion that since the amendment of the Wills Act in 1897, that an appeal would lie from an order of the circuit court dismissing an appeal from the order of the county court refusing to probate a will; and held that a judgment of the circuit court in such cases may be reviewed by appeal or writ of error. In *McCormick v. Meisenheimer,* 337 Ill. 65, the court, in upholding the right to a writ of error, quotes *Simpson v. Simpson,* 273 Ill. 90, where it is said: "The proceeding to probate a will in the probate court is a trial or action at law," and reaffirmed the holding in the *Chandler* case. *Barber v. Barber,* 368 Ill. 215, merely holds that as the cause involved real estate, it was appealable to the Supreme Court.

This is not a "suit or proceeding at law or in chancery" known at the adoption of our constitution, and is not a right of the kind previously enforced as such. The procedure in the circuit court is not according to the course of the common law. The Liquor Control Act makes no provision for review of the orders or judgments of the circuit court, and the Civil Practice Act is not applicable. Under the decisions of the Supreme Court above mentioned, we manifestly have no jurisdiction of the appeal and it is accordingly dismissed.

*Appeal dismissed.*