THE PEOPLE *ex rel.* Edwin G. Stifle, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1913.*

1. TAXES—*a tax to pay any judgment against a county is not subject to reduction.* Under the final proviso to section 2 of the amended Revenue law, (Laws of 1909, p. 323,) which states that no reduction of any tax levy made under such section shall diminish any amount levied pursuant to the mandate or judgment of any court of record, a tax to pay a judgment rendered by a court of record against a county is not subject to reduction, whether the judgment is for payment of bonded indebtedness or for any other character of indebtedness or liability.

2. SAME—*it is not necessary that there be both a judgment and a mandate.* If there is a command by a court of record to the taxing authorities to perform the ministerial duty of levying a tax, or if there is a judgment of a court of record from which

the duty to levy a tax for the payment of the judgment follows without any mandate, a tax levied by virtue of the mandate or judgment cannot be diminished by the scaling process provided for in section 2 of the amended Revenue law.

APPEAL from the County Court of Crawford county; the Hon. JOHN C. MAXWELL, Judge, presiding.

P. J. KOLB, and CALLAHAN, JONES & LOWE, (BERT-RAND WALKER, of counsel,) for appellant.

JOSEPH B. CROWLEY, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Crawford county overruled objections of the appellant to the county tax, the town tax of the town of Robinson and the library tax of the township of Robinson, and rendered judgment against the appellant's property for the same, with an order of sale. It is admitted that the judgment is right as far as the town tax and the library tax are concerned, the objections to these taxes having been based on a misconception of the rate levied and extended.

The objection to the county tax was, that it was not reduced by the county clerk in accordance with the requirements of an act entitled "An act concerning the levy and extension of taxes," in force July 1, 1901, as amended in 1907 and 1909. (Laws of 1909, p. 323.) The levy was for sixty-six cents on each $100 of the assessed valuation of taxable property, and included twenty-one cents on each $100 of such valuation for the payment of six judgments recovered against the county, amounting, in the aggregate, to $17,678.50. One judgment was for compensation for real estate condemned and the others were for material furnished and labor performed in the erection of a county jail. Neither of the judgments was rendered for a bonded

indebtedness of the county, and the question presented to the county court was whether the tax levied to pay the judgments was subject to reduction. Section 2 provides that if the aggregate of all the taxes certified to be extended shall exceed three per cent of the assessed valuation, exclusive of certain taxes, among which are taxes levied pursuant to the mandate or judgment of any court of record on bonded indebtedness, the county clerk shall reduce the levies to bring them within that limit. It further requires the county clerk, in reducing the rate per cent, to exclude taxes levied pursuant to the mandate or judgment of any court of record on any bonded indebtedness. The taxes so excluded in determining the aggregate of all the taxes certified and in making the reduction are specified as taxes levied under the mandate or judgment of any court of record on any bonded indebtedness, but there is a final proviso that no reduction of any tax levy shall diminish any amount levied pursuant to the mandate or judgment of any court of record. The legislative will as expressed in that proviso is clear, and neither mandate nor judgment is limited to the payment of bonded indebtedness. If there is a command of a court of record to the taxing authorities to perform the ministerial duty of levying a tax, or if there is a judgment of a court of record from which the duty to levy a tax for the payment of the judgment follows without any mandate, a tax levied by virtue of the mandate or judgment cannot be diminished by any scaling process. It is not necessary that there be both a judgment and a mandate for its payment, and the nature of the indebtedness or liability is immaterial.

The judgment is affirmed.           *Judgment affirmed.*