(No. 13696.—Judgment affirmed.)

THE PEOPLE *ex rel.* Imon A. Bankson, County Collector, Defendant in Error, *vs.* JOHN BARTON PAYNE, Director General of Railroads, Plaintiff in Error.

*Opinion filed February 15, 1921.*

TAXES—*a tax to pay judgments of court of record cannot be scaled.* A tax levied for the purpose of paying judgments of a court of record cannot be diminished by any scaling process; and it is immaterial whether the tax is levied by the county board as part of the regular county tax or is an additional tax levied pursuant to a vote of the people. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 261 Ill. 162, followed.)

WRIT OF ERROR to the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

H. T. DICK, and WALL & MARTIN, for plaintiff in error.

C. S. MILLER, State's Attorney, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The only question presented by this writ of error is whether an additional county tax of thirty-five cents on each $100 of assessed valuation, levied pursuant to a vote of the people of Pulaski county on the proposition to levy such tax for the purpose of paying judgments of the cir-

cuit court, with accumulated interest aggregating more than $25,000, should have been scaled under the provisions of section 2 of "An act concerning the levy and extension of taxes," as amended June 30, 1919. (Laws of 1919, p. 772.) That section requires the county clerk to reduce proportionately the tax levies, exclusive of certain taxes which are expressly excepted, in any taxing district or municipality in which such tax levies, exclusive of those so expressly excepted, exceed two per cent of the assessed valuation, with certain provisos, the final proviso being that no reduction of any tax levy shall diminish any amount levied pursuant to the judgment of any court of record.

In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 261 Ill. 162, we considered this proviso and held that if there was a judgment of a court of record from which the duty to levy a tax to pay the judgment follows, a tax levied by virtue of the judgment cannot be diminished by any scaling process. There has been no change in the law since this decision which in any manner affects the question at issue, and we consider our decision in that case decisive of this case. Plaintiff in error seeks to distinguish that case from the case at bar on the ground that the tax there considered was a part of the regular normal county tax, and that the tax here considered is a special additional tax levied pursuant to popular vote. We are unable to see wherein a tax levied to pay judgments by the county board in the regular way is different from a tax levied to pay judgments pursuant to a vote of the people. The language of the proviso is clear and needs no construction.

The county court of Pulaski county properly overruled the objection to this tax, and its judgment is affirmed.

*Judgment affirmed.*