(No. 13736.—Judgment affirmed.)

THE PEOPLE *ex rel.* Imon A. Bankson, County Collector, Defendant in Error, *vs.* JOHN BARTON PAYNE, Director General of Railroads, *et al.* Plaintiffs in Error.

*Opinion filed February 15, 1921.*

1. TAXES—*tax to pay judgments cannot be scaled though levied by vote of people.* A tax to pay judgments against a county is not subject to the scaling process, whether it is the normal county tax for that purpose or an additional tax levied pursuant to a vote of the people to pay such judgments. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 261 Ill. 162, followed.)

2. SAME—*no writ of mandamus is required to make it the duty of the county board to levy tax to pay judgments.* It is the duty of a county board to levy a tax to pay valid, subsisting judgments against the county, and no writ of *mandamus* is necessary to establish such duty.

WRIT OF ERROR to the County Court of Pulaski county; the Hon. FRED HOOD, Judge, presiding.

P. J. KOLB, and WALL & MARTIN, (L. J. HACKNEY, and S. W. MERRELL, of counsel,) for plaintiffs in error.

C. S. MILLER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiffs in error objected in the county court of Pulaski county to judgment against the taxable property of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company for a portion of the county tax. The objection was overruled, judgment entered for the tax, and this writ of error was sued out to review the judgment.

Prior to 1917 judgments had been rendered in the circuit court of Pulaski county in actions against said county for more than $20,000 and were unpaid. The judgment creditors, or some of them, filed a petition for a writ of *mandamus* in the circuit court to compel the county board to levy a tax to pay off said judgments. The circuit court decided against the petitioners, who prosecuted an appeal to the Appellate Court for the Fourth District, where the judgment of the circuit court was reversed and the cause remanded. (*Halliday* v. *Board of County Comrs.* 203 Ill. App. 178.) The Appellate Court opinion was filed in November, 1916. The case was never re-docketed in the circuit court and no further action was ever taken in the case. In September, 1917, the county board adopted a resolution that there were judgments aggregating more than $20,000 against the county which could not be paid out of the tax levy for county purposes; that the maximum of seventy-five cents on the $100 assessed valuation then allowed by law was barely sufficient to pay the actual necessary expenses of the county, and it was ordered that the question of levying an additional tax of thirty-five cents on the $100 for five years should be submitted to a vote of the people of the county at the November election. Notice of the election was given and it was duly held. In December, 1917, the board adopted a resolution that the proposition had carried at the election, and an additional levy of thirty-five cents for that year was made and ordered to be extended by the county clerk. Presumably the same levy was

made in 1918. The levies for those years are not involved
in this case. In 1919 an additional levy of thirty-five cents
on the $100 assessed valuation was again made, and this
is the tax objected to in this case. The ground of objec-
tion is, that the additional tax of thirty-five cents on the
$100 was a special tax authorized by a vote of the people
of the county to pay off judgments, and that it was sub-
ject to be scaled and diminished under the provisions of
the so-called Juul law, and that if it was subject to reduc-
tion the correct rate would have been .204. By an amend-
ment in 1919 to section 121 of the Revenue act the maxi-
mum rate of the tax for county purposes was reduced to
fifty cents on the $100 valuation, except for certain pur-
poses not here involved, unless authorized by a vote of the
people of the county. It is not claimed the levy of fifty
cents on the $100 is subject to be diminished by scaling but
that the additional thirty-five cents should have been scaled
and diminished. ·

In *People* v. *Cairo, Vincennes and Chicago Railway Co.*
261 Ill. 162, twenty-one cents on the $100 valuation levied
for county purposes was levied for the purpose of paying
judgments recovered against the county, and it was claimed
that part of the tax was subject to scaling under the act
of 1901 as amended in 1907 and 1909. It was contended
there, as here, that the tax objected to was not levied pur-
suant to the mandate or judgment of any court of record
on bonded indebtedness. The court, after referring to
the provisions of the law, said: "If there is a command
of a court of record to the taxing authorities to perform
the ministerial duty of levying a tax, or if there is a judg-
ment of a court of record from which the duty to levy a
tax for the payment of the judgment follows without any
mandate, a tax levied by virtue of the mandate or judg-
ment cannot be diminished by any scaling process. It is
not necessary that there be both a judgment and a man-
date for its payment, and the nature of the indebtedness

or liability is immaterial." The fact that the additional levy to pay judgments in that case was not authorized by a vote of the people and in this case it was so authorized makes no difference in the principles involved. In the case referred to, no vote was necessary because the aggregate levy did not exceed the maximum rate allowed by law. In this case the levy to pay judgments was in addition to the normal rate allowed and a vote was necessary to authorize it. It was levied for the purpose of paying valid, subsisting judgments against the county, and in the case above cited this was held as valid as if compelled by a mandate and not subject to be diminished by scaling process. The last proviso to the act as amended in 1919 (Laws of 1919, p. 772,) is: "That no reduction of any tax levy made hereunder shall diminish any amount appropriated by corporate or taxing authorities for the payment of the principal or interest on bonded debt, or levied pursuant to the mandate or judgment of any court of record." It would hardly be contended if the peremptory writ of *mandamus* had been awarded against the county board to levy the tax that it would be subject to be diminished by the scaling process. No peremptory writ of *mandamus* was required to make it the duty of the county board to levy the tax to pay the judgments. The existence of the judgments themselves imposed that duty and obligation on the board, and the additional tax was levied pursuant to those judgments and the duty of the board to levy a tax to pay them. This is the effect of the decision referred to and the language of the statute.

The county court did not err in overruling the objection, and its judgment is affirmed.    *Judgment affirmed.*