Plaintiff in error objected to the application of the county collector of Richland county for judgment against its property as to a portion of the county tax for 1930. The rate levied for general county purposes was twenty-five cents on each $100 valuation. The county board levied an additional tax of twenty-one cents on each $100 valuation to pay a judgment rendered against the county. There had been no vote of the people of the county authorizing the levy of this additional tax. Plaintiff in error paid all taxes extended against its property except the twenty-one cent rate for payment of the judgment, that amounted to $1883.50. *Page 218 
It is argued against the validity of the tax to pay the judgment, that section 25 of the Counties act (Smith's Stat. 1931, chap. 34,) limits the county board in the levy of taxes for county purposes in counties such as Richland, to twenty-five cents on the $100 valuation unless an additional rate has been authorized by a vote of the people of the county, as provided in section 27 of that act. The collector argues that section 34 of the Counties act contains a special provision for the payment of a judgment against the county and authorizes the levy of a tax beyond the twenty-five cent rate authorized by section 25.
Section 25, as amended in 1930, aside from provisions not material here, is as follows: "The county boards of the several counties shall have power: * * * Sixth — To cause to be annually levied and collected, taxes for county purposes, including all purposes for which money may be raised by the county by taxation, in counties having less than 135,000 inhabitants not exceeding twenty-five (25) cents on the one hundred dollars valuation, * * * except for the payment of indebtedness existing at the adoption of the present State constitution, and except for the payment of interest on and principal of bonded indebtedness heretofore duly authorized for the construction of State aid roads in the county, and except for the payment of interest on and principal of bonded indebtedness duly authorized without a vote of the people of the county, and except taxes authorized as additional by a vote of the people of the county, and except taxes for working cash-fund purposes, and except county highway taxes as authorized by section 14 of 'An act in relation to State highways,' approved June 24, 1921, in force July 1, 1921." (Laws of 1930, p. 29.) Section 27 provides that when the taxing authorities deem it necessary to raise taxes beyond the rate authorized by law the same shall be submitted to a vote of the people of the county. Section 34, as amended in 1905, provides as follows: "Execution shall not, in any *Page 219 
case, issue against the lands or other property of a county; but when judgment is rendered against a county, the county board shall direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts. (a) Whenever the county board in any county shall in any year determine the amount of all taxes to be raised for county purposes, such board shall include among the purposes for which such taxes are to be raised the payment of any outstanding judgment or judgments against such county for the payment of which no other provisions have been made. (b) The county board may provide for the payment of any such judgment or judgments and the interest thereon in equal annual installments, not exceeding however ten (10) in number, and may include one of such installments in the amount of taxes to be raised for county purposes in each year, but the aggregate amount of all taxes to be raised for county purposes shall not in any year exceed the rate of seventy-five (75) cents on the one hundred dollars ($100) valuation of property unless authorized by a vote of the people of the county." As amended by act approved May 13, 1905; Laws of 1905, p. 134.
Section 34 has not been amended since 1905. At that time section 25 of the Counties act fixed the limit of the levy of taxes for county purposes at seventy-five cents on each $100 valuation. By successive amendments to sections 25 and 27 the rate has been reduced, first to fifty cents and later to the present limit of twenty-five cents. When section 34 in its present form was enacted the assessed value of property upon which taxes were to be levied was one-third of the actual value. At the time the tax in question here was levied the assessed value was fixed at the full value of the property, so that the statutory limit of twenty-five cents for county purposes as now fixed by section 25 raises the same amount of revenue as the seventy-five cent limit in force in 1905. It is conceded, as it must *Page 220 
be, that section 25 expressly restricts the levy and collection of all taxes for all county purposes in a county such as Richland, to a sum not exceeding twenty-five cents on each $100 valuation, and if a tax to pay a judgment against the county is to be considered a county purpose, the amount that can, in the absence of a vote of the people, be raised by taxation to pay it is limited by section 25 of the Counties act.
This question has not been before this court in any prior case. Cases cited by counsel on either side do not control.People v. Payne, 296 Ill. 430, is urged by defendant in error as controlling. In that case a levy of thirty-five cents on the $100 valuation was made to pay judgments against the county. That tax was in addition to the fifty cent rate then allowed by section 25 of the Counties act. It is said in the opinion that "the levy to pay judgments was in addition to the normal rate allowed and a vote was necessary to authorize it." In that case a vote of the people was had and the tax authorized. But the question involved in the case was whether the taxes levied under the thirty-five cent rate were subject to scaling under the act known as the Juul law. The application of section 34 was not involved. The prohibition against scaling a tax can have nothing to do with the power to levy a tax in the first instance.
The pivotal question in this case is whether a tax to pay a judgment against a county is a tax for a county purpose. If the payment of a judgment against the county is a county purpose a tax therefor is obviously for a county purpose, and section 25 of the Counties act as last amended is applicable and controlling. The language of section 34 is, as we have seen, "whenever the county board in any county shall in any year determine the amount of all taxes to be raised for county purposes, such board shall include among the purposes for which such taxes are to be raised the payment of any outstanding judgment or judgments against such county for the payment of which no other provisions *Page 221 
have been made." This language strongly indicates the legislative intention to include as a county purpose a tax to pay judgments against the county. That such is the necessary construction of section 34 appears from the existence of the judgment against the county. Such a judgment, to be valid, must be upon a valid obligation of the county. The county board may create obligations only for county purposes. The payment of a judgment arising out of such obligations is necessarily, therefore, a county purpose.
The language of clause 6 of section 25 of the Counties act is clear and specific. It directs the county board to cause to be annually levied and collected "taxes for county purposes, including all purposes for which money may be raised by the county by taxation," which taxes are limited to a rate of twenty-five cents on each $100 valuation. A tax to pay a judgment against the county comes clearly within the limitations of section 25. This being so, that section controls the power of the county board to levy taxes to pay a judgment against the county regardless of the provisions of section 34. Section 34 does not purport to authorize a tax for county purposes beyond the limits fixed by section 25.
It may be further observed that the history of this legislation indicates that in changing the assessed valuation upon which taxes are to be levied from one-third, as it existed prior to 1905, to one-half, and later to full value, as provided when the tax here involved was levied, the legislature did not intend to extend the power of county boards to raise taxes. Prior to the amendment of section 34 in 1905 county boards were authorized to levy a tax to pay debts against the county "if deemed advisable." (Laws of 1863, p. 41.) Under that act county boards sometimes refused to levy taxes to pay judgments against the county on the ground, apparently, that they did not deem such tax "advisable." (See Supervisors RockIsland County v. United States, 4 Wall. 435, 18 L. ed. 419.) The purpose of the *Page 222 
legislature, as evidenced by the language of section 34 as amended in 1905, was to compel the levy of a tax to pay judgments against the county. Nothing therein evidences an intention to authorize such tax beyond the limit fixed by law, without a vote of the people.
The construction of these sections of the Counties act sought by defendant in error would enable county taxing authorities, by merely permitting claims against the county to go to judgment, to extend their taxing power as much as fifty cents on each $100 valuation, thereby raising it to an amount three times that allowed under section 25 as it existed when section 34 was enacted. There is nothing in the legislation evidencing a purpose to grant such an enormous extension of taxing power. This fact, when considered with the language of section 34 directing the inclusion of judgments against a county as a county purpose, forces the conclusion that the limitation provisions of section 25 mark the limitations of the power to levy the tax sought to be levied here. People v. Chicago,Burlington and Quincy Railroad Co. 295 Ill. 191.
We are of the opinion that the county board had no authority to levy a tax to pay a judgment against the county unless authorized by a vote of the people, except such levy be within the statutory rate of twenty-five cents on each $100 valuation. This is plainly the construction demanded by the language of the statute and the settled rules of statutory construction. Taxing bodies derive their powers from legislative enactment, within constitutional limitations. No such power as here sought to be exercised is vested in county boards. The attempted levy and extension of taxes above the twenty-five cent rate not having been authorized by a vote of the people is void.
The judgment is therefore reversed and the cause remanded, with directions to sustain plaintiff in error's objection.
Reversed and remanded, with directions. *Page 223