This cause comes to this court by appeal from an order of the county court of Jersey county overruling objections by the Alton and Eastern Railroad Company and the Illinois Terminal Company, lessee, to an application for judgment for certain taxes alleged to be delinquent for the year 1933.
After the introduction of the People's testimony appellants filed a motion, under a limited appearance, to dismiss the proceedings on the ground that the court was without jurisdiction. The grounds of the motion are, that *Page 442 
the published notice stated that application for judgment would be made to the probate court of Jersey county when there is, in fact, no such court, and that the certificate of the publisher failed to show that the newspaper was one of general circulation in that county for more than six months prior to the publication of the notice. If the objection to the jurisdiction was otherwise valid it came too late. A general appearance was entered by filing objections to the merits and proceeding to a hearing of the People's testimony. But appellants claim that under paragraph 3 of section 43 of the Civil Practice act all defenses, whether to the jurisdiction, in abatement or in bar, may be pleaded together. A sufficient answer is that appellants' defenses were not pleaded together. Moreover, the Civil Practice act does not apply to proceedings of this character.
Appellants' first objection relates to three items of the levy for county purposes — i. e., "County farm, $3600; heat, light and water, court house and jail, $2300; State's attorney, $1625." It is urged that the first two items are not sufficiently definite to comply with section 121 of the Revenue act, which requires that when the sum to be raised for county taxes is for several purposes the amount for each purpose shall be stated separately. We have repeatedly upheld objections to similar indefinite appropriations. People v. Bowman, 253 Ill. 234; People v. Cairo, Vincennes and Chicago RailwayCo. 243 id. 217; People v. Cairo, Vincennes and Chicago RailwayCo. 237 id. 312.
The item, "State's attorney, $1625," is for the full amount of the State's attorney's salary. The board estimated that the receipts of his office for the taxing year would amount to $150. It is insisted that the levy is excessive by the latter sum. Where the receipts of the State's attorney's office amount to a considerable part of his salary it has been held that the county board was authorized to levy only the difference between the amount of his salary and the probable receipts of his office. (People v. Chicago *Page 443 Great Western Railroad Co. 279 Ill. 176; People v. Hines, 290 id. 519; People v. Jackson, 272 id. 494.) But an objection to taxes should involve an amount substantial enough to justify the court in taking notice of the objection. Appellants' portion of the tax involved in this objection is so inconsequential the county court cannot be said to have abused its discretion in overruling it.
A tax of $169.84 extended at a rate of eleven and one-half cents on each $100 in addition to the twenty-five cents maximum rate permitted by statute for general county purposes was also objected to. The eleven and one-half cent rate was for the payment of certain bonds and interest issued to refund the floating indebtedness of the county. A proposition to issue bonds for that purpose in the amount of $40,000 was submitted to the voters in 1933 and was carried. The ballots at the election, after setting out the proposal to issue bonds, with their date, interest, amounts and maturity, stated: "The principal and interest of said bonds to be met by a special tax, designated as 'The County Bond tax,' to be levied annually at a rate of taxation that will produce the following amounts:" (stating amounts and maturities.) On the right-hand side of the face of the ballot the words "For County Bonds" and "Against County Bonds" appear, with appropriate space for the voter to mark the ballot. Appellants' claim is that the levy of the eleven and one-half cent rate was illegal because it was in addition to the statutory limit of twenty-five cents, and that authority to make the levy was not submitted to the voters.
Section 27 of the Counties act (Smith's Stat. 1933, chap. 34, par. 27,) provides that whenever the county board shall deem it necessary to assess taxes in excess of the statutory limit of twenty-five cents, the board may, by an order of record, set forth the purpose and number of years such excess will be required, and, if for the payment of interest or principal upon bonds, shall provide for the submission of the question of assessing the additional rate required *Page 444 
to a vote of the people of the county, and that upon the submission of such question the votes cast upon the proposition shall be "For (or against) additional tax in excess of statutory limit of ...... cents per $100 valuation." Section 28 of the same act provides: "If it shall be deemed necessary to submit to a vote of the people at the same election, the question of issuing bonds and the raising of such additional tax, * * * in excess of the statutory * * * limit, the same may be included in one proceeding, and in that case the vote in favor of issuing such bonds and levying such additional tax shall be 'For bonds and additional tax in excess of statutory limit of ...... cents per $100 valuation,' * * * and those opposed shall be 'Against bonds and additional tax in excess of statutory limit of ...... cents per $100 valuation.' "
A county has no inherent power to levy taxes. Its entire authority is derived from legislative grant. (People v. Chicagoand Eastern Illinois Railway Co. 314 Ill. 596.) Unless an additional tax has been specifically authorized by a vote of the people the county tax rate can not exceed the statutory limitation of twenty-five cents on the $100 assessed valuation. Where the issue of bonds has been duly authorized but there has been no vote for an additional tax, the rate for all other county purposes must be reduced, if necessary, so that the rate for all county purposes, including a rate sufficient to pay such bonds and interest, will not exceed the statutory rate. (People v. Louisville and Nashville Railroad Co. 351 Ill. 489;People v. Ross, 302 id. 328; People v. Chicago,Burlington and Quincy Railroad Co. 295 id. 191.) The holding inPeople v. Hoerr, 294 Ill. 338, is not to be otherwise interpreted. Nothing there said indicates that a tax in addition to the statutory limit may be levied for the payment of bonds or interest without a vote of the people.
Appellee insists that the form of ballot was sufficient to advise the electors they were voting for an additional *Page 445 
tax to be used for the purpose of paying the principal and interest of the bonds. Inconsequential irregularities are almost universally held not to affect the result of an election, but if the defect is a matter of substance it is fatal. (Harvey v. Cook County, 221 Ill. 76; People v. Hanson, 150 id. 122.) It must be conceded that the voters knew they were sanctioning a bond issue which would ultimately be paid from taxes, but it cannot be said that the ballot discloses that such tax was in addition to the statutory limit of twenty-five cents. The ballot rather indicates that no tax would be levied beyond the limit. The plain provision of the statute is that the ballot must show the tax is in addition to the twenty-five cent limit. The proposition voted upon, as shown by the ballot, was "For County Bonds" or "Against County Bonds," and no mention was made of a proposal to levy an additional tax in excess of the statutory limit of twenty-five cents on each $100.
For the year 1933 the city council of the city of Grafton levied taxes for general corporate purposes in the amount of $6015. Of this sum the ordinance contained an item, "Public grounds and buildings, $1250." Under the authority ofPeople v. Cairo, Vincennes and Chicago Railway Co. 243 Ill. 217, this item was insufficient. It is uncertain whether the amount levied is to be used in the erection or repair of buildings, the acquisition of public grounds, or for maintenance. It was error to overrule the objection to this item.
The judgment of the county court is reversed and the cause is remanded, with directions to sustain all of the objections of appellants except the objection to the amount assessed against their property on account of the salary of the State's attorney, and to overrule the objection to that item.
Reversed in part and remanded, with directions.
Mr. JUSTICE ORR, dissenting. *Page 446