(No. 25140.—

THE PEOPLE *ex rel.* Charles E. Dooley, County Collector, Appellee, *vs.* THE NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Appellant.

*Opinion filed June 19, 1939.*

BRACKEN, LIVINGSTON & MURPHY, and POPE & DRIE-MEYER, for appellant.

BERNARD WALL, State's Attorney, and ARLO E. BANE, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

By this appeal appellant seeks the reversal of a judgment of the county court of McLean county which overruled its objections to a county tax for pauper relief purposes for the year 1936.

Appellant's objection to taxes in the amount of $570.11, extended for pauper relief purposes at a rate in excess of the maximum rate of twenty-five cents for general county purposes, was that, as McLean county is under township organization form of government, it was not, at the time the levy was made, charged with the duty of relieving the poor of the county, therefore the county board of supervisors was without authority to levy any tax over the rate of twenty-five cents for pauper relief purposes, and the county clerk was without authority to extend any tax so attempted to be levied at a rate in excess of the maximum rate of twenty-five cents for general county purposes.

On September 10, 1936, the board of supervisors of the county, at their regular September, 1936, session, made a levy for general county purposes, and additional levies including one of $39,945.06 to pay claims, liabilities and obligations incurred by the county on account of the support of the poor before July 1, 1936. Thereafter, the county clerk extended the county tax for the year 1936 at a total of fifty-eight cents. Of this rate twenty-five cents was extended to produce the amount levied for general county purposes and seven cents was extended to produce the amount of the levy for payment of the liabilities incurred by the county on account of the support of the poor prior to July 1, 1936. Appellant's objection to the rate extended, aggregating seven cents, was overruled, and appellant deposited the amount of the judgment and has perfected this appeal.

The only question presented is whether the county board, on September 1, 1936, had power to levy taxes for the payment of obligations incurred prior to July 1, 1936, in excess of and in addition to the twenty-five-cent rate for general county purposes.

The power of the county to tax is limited to that expressly granted by statute, and such powers as are necessarily incidental to carry out the granted powers. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 360 Ill. 180; *People* v. *Wabash Railway Co.* 349 id. 93; *Stevens* v. *County of Henry,* 218 id. 468; *Perry* v. *Kinnear,* 42 id. 160.) In determining the meaning of a grant of power to levy taxes, strict construction will be given to that which is relied upon to confer the power, but construction will be liberal in all that tends to protect the taxpayer. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. supra; People* v. *Mills Novelty Co.* 357 Ill. 285; *People* v. *Wabash Railway Co. supra; People* v. *Central Illinois Public Service Co.* 328 Ill. 440; *Peoria and Pekin Union Railway Co.* v. *People,* 198 id. 318.

Prior to July 1, 1936, the duty to provide support for and relief of paupers rested on the county. Section 15 of the Paupers act, as amended by Senate Bill No. 9, approved March 6, 1936, and effective July 1 of that year, (Laws 1935-36, Second Sp. Sess. p. 75; Ill. Rev. Stat. 1937, chap. 107, par. 15.1, p. 2355;) provided that towns, in counties under township organization, (McLean county being under township organization,) shall relieve and support all poor and indigent persons lawfully resident within their respective territories, except residents of cities of over 500,000 inhabitants. The balance of the section is not germane to the issue here presented.

March 13, 1936, House Bill No. 9, (Laws 1935-36, First Sp. Sess. p. 67,) amended section 25 of the Counties act granting power to counties to levy taxes. Paragraph 5 limited the annual levy and collection of taxes for county

purposes, in counties of less than 135,000 inhabitants, to twenty-five cents on $100 valuation; provided that taxes levied for a Mothers' Pension Fund or for County Blind Relief Fund, or for County Employees' Pension Funds, or for the care of paupers, and for payment of relief to poor and indigent persons in counties which are obliged by law to care for paupers and to relieve poor and indigent persons, "shall be in excess of the rate allowed by law without a vote of the people, * * * and any tax levied for the care of paupers and for the payment of relief to poor and indigent persons in any county obligated by law to supply such care and relief after the year 1935, shall not exceed a rate of thirty cents on the one hundred dollars valuation in addition to and in excess of the maximum levy permitted by this paragraph for general county purposes and shall be paid into a special fund in the county treasury and used only for the purposes for which it is levied."

August 15, 1936, (House Bill No. 75, Laws of 1935-36, Second Sp. Sess. p. 52,) the legislature again amended section 25 of the Counties act, defining the powers of the several counties of the State with an emergency clause. The fifth paragraph of that section as amended, limits counties of less than 135,000 inhabitants to a levy for county purposes not exceeding twenty-five cents on the $100 valuation, except certain bonded and other indebtedness (not pertinent to the present inquiry,) "and except taxes levied for the care of paupers and the relief and support of poor and indigent persons in counties under commission form of government and such taxes levied in the year 1935 in other counties." This act also provided that "any tax levied for the care of paupers and the relief and support of poor and indigent persons in any county in addition to and in excess of the maximum levy permitted by this paragraph for general county purposes shall be paid into a special fund in the county treasury and used only for the purposes for which it is levied and in counties under commission form of gov-

ernment such tax for the care of paupers and relief and support of poor and indigent persons shall not exceed thirty cents on the one hundred dollars valuation."

Of the foregoing amendments to section 25 of the Counties act, the last one enacted,—*i. e.,* House Bill No. 75, effective August 15, 1936, was applicable to McLean county at the time the levy under consideration was made. It specifically limited a levy for county purposes to twenty-five cents on the $100 valuation, except as above indicated. The exceptions do not, in terms, include McLean county, which is under township organization.

It is fundamental that taxing laws must be strictly construed. They are not to be extended by implication beyond the clear import of the language used. In case of doubt they are construed most strongly against the government and in favor of the taxpayer. *Peoples Gas Light Co.* v. *Ames,* 359 Ill. 152; *Majestic Utilities Corp.* v. *Stratton,* 353 id. 86; *People* v. *Sears,* 344 id. 189.

Appellee contends that in each amendment of section 25, and especially in House Bill No. 75, it was the intention of the legislature to authorize counties to levy taxes for the year 1936 to cover liabilities up to July 1 of that year, at a rate in addition to the twenty-five cents maximum for general county purposes. We cannot agree with this contention. The validity of a tax is governed by the law and · rate authorized at the time the levy is made by the county board and not the rate permitted at the time the taxes are extended by the county clerk. *People* v. *Chicago and Northwestern Railway Co.* 340 Ill. 102; *People* v. *Pittsburgh, Cincinnati, Chicago and St. Louis Railway Co.* 316 id. 410; *People* v. *New York, Chicago and St. Louis Railroad Co.* id. 452.

That the intent claimed by appellee did not exist is further shown by House Bill 81, approved September 30, 1936, (Laws of 1935-36, Second Sp. Sess. p. 65,) in which the

General Assembly, in granting power to counties under township organization to exceed the rate of twenty-five cents in levying for poor relief, specifically stated that because many counties under township organization had incurred lawful obligations in the administration of poor relief prior to the time when such duty was transferred to other governmental units, "and, whereas, such counties no longer are authorized to levy a tax in excess of the statutory limit for general county purposes, and as a result thereof are unable to pay these just obligations; and whereas, unless authority to levy such a tax is immediately granted, the credit of such counties will be seriously impaired, * * * therefore, an emergency exists." If House Bill 75 authorized a levy in excess of the statutory twenty-five cents, no necessity for House Bill 81 appears. House Bill 81 had not been enacted when the levy objected to was made. No attempt was made to levy a tax under House Bill 81.

Before a county board may levy and collect taxes, it must have express authority either under the constitution or an act of the legislature so to do. (*People* v. *Alton and Eastern Railroad Co.* 359 Ill. 440; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 295 id. 214.) Unless an additional tax has been specifically authorized by a vote of the people, the county tax rate cannot exceed the statutory limitation of twenty-five cents on the $100 valuation. (*People* v. *Alton and Eastern Railroad Co. supra.*) The legislature, on August 18, 1936, fixed at twenty-five cents on the $100 valuation the limit of taxes McLean county could levy for all county purposes without a vote of the people. This was the act in force when the levy under consideration was made. The duty to care for paupers, and give relief to poor and indigent persons, was taken from counties and cast upon towns in counties under township organization prior to September 10, 1936, hence the

county board of McLean county had no power or authority to levy a tax for those purposes at the time the levy was made.

The obligations incurred by the county for poor relief, during the time the county was under a duty to provide and care for them, were obligations of the county for county purposes, and taxes to pay those obligations could be levied only under the law existing at the time the levy was made.

The levy appellant objected to was in excess of the limit prescribed by the legislature and was void, and the county court erred in overruling appellant's objection to such levy.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain appellant's objection to the tax amounting to $570.11, levied to pay unpaid pauper claims.

*Reversed and remanded, with directions.*