Woodmen of World Life Insurance Society and Ben Hur Life Association, Appellees, v. County of Cook and Clayton F. Smith et al., Appellants.

Gen. No. 42,610.

Heard in the first division of this court for the first district at the February term, 1944. Opinion filed March 27, 1944.

THOMAS J. COURTNEY, State's Attorney, for appellants; MARSHALL V. KEARNEY, JACOB SHAMBERG and WILLIAM J. TUOHY, Assistant State's Attorneys, of counsel.

WILLIAM E. MOONEY, of Chicago, for certain appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This appeal was taken by defendants from the circuit to the Supreme Court and there transferred to this court. *Woodmen of World Life Ins. Soc. v. County of Cook,* 381 Ill. 558. Plaintiffs are owners by assignment from the City of Chicago of certain judgments against Cook County, amounting in the aggregate to more than $3,000,000. One of these judgments was affirmed by the Supreme Court in *City of Chicago v. County of Cook,* 370 Ill. 301. The other judgments are based on similar claims. The validity of the judgments is not questioned. Some interest has been paid but the County claims its financial condition has been such as to preclude appropriations to pay these judgments and interest in full. Pending this appeal negotiations were had between the parties as to issuing bonds to pay the judgments, and upon their stipulation our decision has been delayed.

October 29, 1941, plaintiff owners sued the County and its Board of Commissioners, collectively and individually, to obtain a writ of mandamus to compel defendants to levy for the year 1942 taxes sufficient to pay these judgments and so certify to the County Clerk. Defendants answered, admitting their duty to provide for the payment of the judgments in so far as they were able, but denying plaintiffs' right to a mandamus under the law on account of the financial condition of the County, etc. Plaintiffs then amended their petition and asked in the alternative that defendants be required to issue bonds payable in equal annual instalments and make provision for the levy of an annual tax to pay the same.

On January 29, 1942, the court on motion of the petitioners entered an order for a mandamus, as prayed finding the issues in their favor. On February 18, 1942, the respondents filed notice of appeal from certain directions contained in the final decree. The notice recites, however, that it is not intended to take any appeal from any order directing respondents to

do every act and thing imposed upon them by law, as such officers, for the levy, collection and payment of taxes sufficient to pay the judgments, etc., nor from such part of the order as directs them to cause to be certified to the County Clerk of Cook County, in manner and form as provided by statute, the budget and appropriation ordinance and annual interest therein provided to be paid.

Paragraph 2 of the judgment provides that the defendants shall levy and collect in its annual tax levy ordinance and budget for the fiscal year 1942 "a sufficient tax *outside of the general corporate levy* of the said County, to pay the sum of $313,691.37 on the principal of the aforesaid judgments that being one-tenth of the total principal due and unpaid thereon, provided that in so doing the total tax levy for all purposes in the said appropriation ordinance and budget for the fiscal year 1942 shall not exceed 75 cents on the $100 valuation, and if by levying the said sum the total tax levy shall exceed 75 cents on the $100 valuation then the levy for the said judgments shall be abated in the amount of such excess."

In paragraph 3 the judgment provides that defendants shall "for the purpose of paying the remaining nine-tenths of the said judgments, within sixty days after this order is entered, issue the County's bonds, in regular form, which bonds shall be in sum not to exceed the remainder of the principal sum of the said judgments, and which shall be payable in equal annual installments, which bonds, if not delivered to and accepted by the petitioners and intervening petitioner in lieu of and in satisfaction of their judgments herein, shall be sold by said County for the purpose of procuring funds sufficient to discharge the said judgments in full . . . and for the levy, collection and payment of a tax sufficient to pay the interest thereon and installments of principal, provided that in so doing the total tax levy for all purposes in the said appropria-

tion ordinance and budget for the fiscal year 1942 shall not exceed 75 cents on the $100 valuation, and if by levying the said sum the total tax levy shall exceed 75 cents on the $100 valuation then the levy for the said bonds and interest shall be abated in the amount of such excess.''

The defendants contend this part of the order is erroneous and that the County Board is without authority under the law to comply with it. Defendants say that they have no right in the budget and appropriation for the year 1942 to levy a tax *outside the general corporate levy* for the purposes directed by this order. We are compelled to hold under the authorities that the judgment in this respect is erroneous.

The County Board of any county in Illinois, in the absence of statutory or legislative authority, is without authority to levy taxes. *People v. Hoerr,* 294 Ill. 338; *People v. New York & St. L. R. Co.,* 371 Ill. 522.

Section 8 of Article 9 of the Constitution of the State provides that county authorities shall not levy taxes to exceed 75 cents on the $100 valuation. The powers of the County Board in this respect are strictly construed against the Board and liberally in favor of the taxpayer. This provision of the Constitution is a limitation and not an authorization. When this suit was begun the power and authority of the Board of County Commissioners with respect to taxation was controlled by section 25 of chapter 34 of the Ill. Rev. Stat. [Jones Ill. Stats. Ann. 33.025]. The 5th paragraph of section 25 in substance provided that the County Board should have power to levy and collect for the year 1942 ''for county purposes'' 32 cents on each $100 valuation of property, or at a rate which, when extended, would produce an amount not to exceed $9,000,000, whichever might be the greater. This section of the statute expressly exempts from its applicability certain levies, such as those for the relief of the blind, for widows' pensions and quite a number of

similar purposes, but significantly fails to include among those exempted therefrom the payment of judgments obtained against the County. Moreover, the exceptions named in section 25 "are not intended to authorize levies for the purposes mentioned in them. The authority for making levies for those purposes is found in other acts." *People v. Baltimore & O. S. W. R. Co.,* 336 Ill. 318, 322. Indeed, we think the levy of a tax for the payment of judgments against a county is expressly held not only to be for a county purpose but also a tax that must be included in the tax fixed by the legislature which the County Board is authorized to levy for county purposes, unless authority for the additional tax is given by vote of the People. *People v. Baltimore & O. S. W. R. Co.,* 350 Ill. 217. This direction to the County Board, therefore, to levy a tax outside that directed by the statute for the payment of these judgments is clearly erroneous and requires a reversal of the judgment.

In this connection the petitioners draw a distinction between taxes for obligations for county purposes and taxes for obligations for governmental functions imposed on the county for the benefit of the State at large. They say that their judgments were obtained for default in payment of an obligation of the latter kind, and are therefore, entitled to share in the taxes imposed by the Board of County Commissioners for the ordinary expenses of running the County. Their distinction is based upon the claim that the obligations upon which the judgments in question are based were imposed for public purposes in connection with the necessary expenses of the municipal court, and that these judgments are therefore of a kind which would seem to entitle them to special consideration. We are not able to agree with this contention because a county is a public corporation which exists only for public purposes connected with the administration of the State government. *Wetherell v. Devine,* 116 Ill. 631,

639, 640. Hence, unlike a city, it has no private or corporate functions as distinguished from governmental functions. *People v. Gaylord Bldg. Corp.*, 369 Ill. 371, 374. The petitioners were not required to put the obligations due to them into the form of judgments against the County unless they saw fit so to do. Having decided to do so, and having procured judgments which the Supreme Court of the State has held to be valid, according to the usual rule obtaining in such cases their respective claims were in each case merged into the respective judgments and the rule stated in *People v. Baltimore & O. S. W. R. Co.*, 350 Ill. 217, heretofore cited, is applicable. We are agreed there is no valid distinction between these judgments and any others that may have been obtained against the County.

The petitioners suggest that the court erred in limiting the mandamus judgment to a levy outside the general corporate levy for the County and have filed and argue alleged cross-errors. They now ask the court to amend the mandamus order so as to make it "more comprehensive" and say "that the County should have been ordered to include the appropriation for these judgments out of its general corporate revenues, including all revenues from fee offices, so that no other county obligations should have precedence over it."

Section 27 of the Counties Act (Ill. Rev. Stat., ch. 34 [Jones Ill. Stats. Ann. 33.027]) provides in substance that whenever the County Board deems it necessary to assess taxes, the aggregate of which exceed the taxes authorized to be levied, as provided for in section 25 of the act, it may, by an order of record, set forth the purpose and the number of years the excess will be required and submit the question of assessing the additional rate to the voters of the County. These statutes have thus established definite legal limits. They have also provided a legal way in which these limits may be exceeded. Apparently it is not desired to take the opinion of the voters on the question.

Defendants allege in their answer that all the revenue of the County arising from taxes levied for general county purposes, within the limitations imposed by section 25 of the County Act, and all receipts from fee offices and all miscellaneous sources for the fiscal year will not provide it with sufficient funds, after payment of current and necessary expenses and liabilities, that is, ordinary running expenses of the county and for the operation of and payment for the county welfare, hospital and poor farm and other institutions, to pay more than the interest on the judgments involved herein from October 1, 1940, to December 1, 1941. The court by its order has in effect found that these allegations were sustained, and has further found ''that to pay on the principal of the said judgments, resort must be had to the taxing powers of the county, outside of the general and corporate tax levy.'' The evidence in the record justifies these findings. In this state of the county finances, the additional tax for the payment of these judgments could not be levied within the limitations imposed by section 25 without interfering with the current and necessary functions of the County. The court, therefore, was justified in not directing that the tax for the payment on account of the principal of the judgments be included within the tax for general county purposes as limited by section 25. *Town of Sparland v. Barnes,* 98 Ill. 595; *Board of Sup'rs of Coles County v. People ex rel. Ashbrook,* 226 Ill. 576; 34 Am. Jur., Mandamus, § 176, p. 950.

Neither, under the law, can we approve of the provision which directs the issue of bonds by the County in satisfaction of these obligations.

The petitioners have submitted a memorandum suggesting that they are entitled to the benefit of the Act of July 28, 1943 (Ill. Rev. Stat., ch. 34, sec. 103w [Jones Ill. Stats. Ann. 33.154(34)]) and that the directions of the mandamus decree as to the issue of bonds for these obligations should be sustained thereunder. The new section provides for the issuance of bonds and the levy

of taxes without reference to the limitations of section 25 and, without vote of the people, for the payment of certain judgments and other obligations of the County, including the judgments held by plaintiffs. Under it the County Board has discretion as to the maturity of the bonds, not exceeding 20 years, and as to the interest rate, not exceeding 5 per cent. The section does not warrant affirmance of the judgment appealed from.

Petitioners' cross-errors will be dismissed. The order will be affirmed in part and reversed in part.

*Affirmed in part; reversed in part.*

O'CONNOR, P. J., and NIEMEYER, J., concur.