**The People of the State of Illinois on the Relation of Wilma Highsmith, Plaintiff-Appellant, v. County of Jefferson, Leslie R. Sheldon, et al., Defendants-Appellees.**

Gen. No. 66–118.

Fifth District.

September 2, 1967.

Hanagan & Dousman, of Mt. Vernon, for appellant.

Frank H. Walker, of Mt. Vernon, for appellees.

EBERSPACHER, J.

This is an appeal from an order of the Circuit Court of Jefferson County, dismissing, pursuant to defendants' motion, a petition for a writ of mandamus.

Appellant had obtained a judgment in the United States District Court for the Eastern District of Illinois on March 22, 1963, which judgment was not appealed from and became final, and defendants concede that it is not subject to collateral attack in these proceedings.

Appellant then filed her verified petition for writ of mandamus in the Circuit Court of Jefferson County, alleging her monetary judgment in the District Court, its finality, and sought compliance by the County and County Board with the provisions of chapter 34, section 604, Ill Rev Stats 1965, for the payment of the judgment, interest and costs. Defendants then filed their motion to dismiss and an amended motion to dismiss in which they incorporated a copy of the Finding of Fact and Conclusions of Law of the U. S. District Judge entered in the original tort action [1] and the opinion of the Circuit Court of Appeals in Highsmith v. Aetna Casualty & Surety Co., 339 F2d 985. Nothing was offered by way of evidence or affidavit to show that that case, in which these defendants were not parties, had any connection or bearing with the matter at hand. Defendants' motions were not verified. Appellant then filed her verified motion for summary judgment. Defendants responded by motion to strike the motion for summary judgment, and an alternate motion to dismiss appellant's complaint, neither of which was verified, and no affidavits were attached thereto. Appellant then filed a verified motion to strike each of defendants' motions, alleging, verification of the complaint, that verification had not been excused by the court, and the failure of defendants to verify their pleadings; and renewed her motion for summary judgment. At the same time appellant filed a verified alternative

---

[1] Highsmith v. Trotter, et al., Civil Number 4713 in the District Court of the United States, Eastern Dist of Illinois. Judgment for Wilma Highsmith against County of Jefferson for $13,042.05 plus costs entered on March 22, 1963.

■■■■■■■■■■■■■■■■■■■■

motion to strike defendants' motion directed against the motion for summary judgment.

Upon all motions being heard, the trial court sustained defendants' alternate motion to dismiss, and dismissed the petition for writ of mandamus, "after considering the pleadings and arguments." The sustained alternative motion to dismiss alleged that "it appears from the pleadings that the County of Jefferson was not liable in tort to Wilma Highsmith on the alleged cause of action," that the nature of the original tort action was not changed by recovering a judgment on it and that the trial court "is not precluded from ascertaining whether the claim is really one of such nature that the court is authorized to enforce it by mandamus"; and that the original tort action did not constitute a corporate debt under article 9, section 9 of the Illinois Constitution, and that the District Court judgment had the same standing as the original cause of action. At the most these were only legal conclusions of the pleader; and plaintiff's verified petition alleged nothing from which it could be assumed or inferred that plaintiff's judgment in the U. S. District Court was based on a tort claim.

■■ Here appellant contends that since their petition was verified, appellees' unverified motions (each of them) should have been stricken. Section 35(1) of the Civil Practice Act (c 110, § 35.1, Ill Rev Stats 1965) provides:

". . . If any pleading is verified, every subsequent pleading must also be verified, unless the verification is excused by the court."

The requisites of affidavits, in opposition to a motion for summary judgment, are set forth in Supreme Court Rule 15, (c 110, § 101.15, Ill Rev Stats 1965), and although section 57 of the Civil Practice Act (c 110, § 57, Ill Rev Stats 1965) permits either a plaintiff or defendant to

149

move for a summary judgment, with or without supporting affidavits, we know of no authority for opposing a verified motion for summary judgment on a verified complaint, by any pleading that is neither verified nor supported by affidavits, and cannot condone such practice. Affidavits opposing the entry of summary judgment, which were based on information and belief, and which stated no facts but contained conclusions have been held inadequate, and an affidavit of merits which denied only in general terms, has been held insufficient. ILP, Judgments, § 75. Here appellees filed no affidavits, alleged no facts, but only the conclusions of the pleaders as to the law. Appellees have not, previous to their argument in this court, pleaded any factual defense to the petition nor to the motion for summary judgment. They have made no proper record of any defense to either the petition or the motion for summary judgment. Each of appellees' motions admitted each and every well pleaded allegation of plaintiff's petition.

 A motion for summary judgment is the procedural equivalent of a trial. The motion for summary judgment searches the record, and, where made by plaintiff, it admits every material averment in the answer or affidavit of defense and reopens the question of the sufficiency of the complaint. Gleiva v. Washington Polish Loan & Building Ass'n, 310 Ill App 465, 34 NE2d 465. However, only such facts as are well pleaded as a defense or counterclaim are to be taken as admitted, and not defendants' conclusions therefrom. Tansey v. Robinson, 24 Ill App2d 227, 164 NE2d 272. Summary judgment should be granted when no genuine issue as to any material fact is presented. Supreme Court Rule 15, Bryant v. Metropolitan Motorists Ass'n, 23 Ill App2d 261, 161 NE2d 879; Allen v. Meyer, 14 Ill2d 284, 152 NE2d 576; and a mere denial is not sufficient to raise a triable issue as against uncontroverted evidentiary matter under Section 57(3) of the Civil Practice Act.

150

■ Appellees' motions purported to call upon the court to decide the law applicable to a particular fact situation, without properly presenting any facts to contradict those alleged in plaintiff's verified petition. The alternate motion to dismiss, which the court granted, purported to raise questions of law only, but the question of applicable law could only be determined and applied to a particular fact situation, and the only fact situation that was properly before the court consisted of those facts alleged in plaintiff's verified petition. Although appellant, both in the trial court and in this court, argued the insufficiency of each of the appellees' motions, appellees, both below and here, have ignored this argument, making no argument or brief on any of the pleading questions. Their alternate motion to dismiss purports to be in the nature of a motion filed under section 48 of the Civil Practice Act, but that section required the support of the motion by affidavits "If the grounds do not appear on the face of the pleading attacked." Here the pleading attacked is the verified petition, which states a good cause of action; and the opposite party (defendants here) have presented no affidavits or other proof denying the facts alleged or establishing facts alleviating any grounds of defect, so that the court could hear and determine the factual situation, as is provided for in (3) of section 48. (C 110, § 48, Ill Rev Stats 1965.)

Throughout the years and centuries of common and code law, there have evolved certain rules in the conduct of litigation. These rules, if obeyed, are designed to result in the orderly administration of justice. If, contrary to the Civil Practice Act and Supreme Court Rules, parties are allowed to inject unverified matters, not included in the abstract, without the filing of a supplemental abstract, and assume facts which have not been properly presented, and if they are allowed to controvert verified pleadings by their conclusions and the filing of unverified

151

allegations, there would be no point in the courts having any rules.

It has been suggested, since rights of the public and public funds are here involved, that this cause should not be determined on the technicalities of the Civil Practice Act; defendants have not seen fit, in their brief, to answer any of those points. Instead, they seek affirmance of the trial court's dismissal of the complaint on the merits, although they have failed to properly present a factual situation other than that presented by plaintiff's verified complaint, either in the trial court or in this court. They here contend that the plaintiff's judgment in the U. S. District Court was unenforceable because on the date on which plaintiff's claim arose, December 24, 1958, the county had governmental immunity, that date being previous to the abolishment of the doctrine of governmental immunity by the decision in Molitor v. Kaneland Community Unit School Dist. No. 302, 18 Ill2d 11, 163 NE2d 89. They completely overlook the fact that the District Court judgment was based on the stipulated fact that the Defendant County of Jefferson was insured at the time of plaintiff's injury, and entered such a finding of fact, and that the judgment of the District Court entered on such finding of fact and conclusions of law was never appealed from; although the defendant county filed a post-trial motion in that court which defendant made a part of this record complaining of the inadequacy of the proof of insurance coverage in that case, which was denied for failure to comply with rules of that court, on October 18, 1963. In that motion this defendant conceded that judgment on the tort claim could properly be entered where there was insurance coverage. In the absence of appeal that judgment became final and entitled to full faith and credit. It was such a judgment as was authorized by law, and it was such a judgment as is embraced by our statute for the

payment of judgments against the county.[2] That statute makes no exception for judgments of Federal Courts, nor does it except final judgments which may have been entered as a result of failure to comply with the rules, or in which a stipulation contained a mistake of fact, or in which there was inadequate proof of insurance; nor does it except those judgments on which there has been a failure by the judgment creditor to collect from the insurer in a separate action in which the county was not a party.[3] Apparently the County is here urging that C. C. A. decision (supra), is proof that the District Court

[2] Chapter 34, section 604, Ill Rev Stats which provides "Execution shall not, in any case, issue against the lands or other property of a county; but when judgment is rendered against a county, the county board shall direct an order to be drawn on the county treasurer for the amount of the judgment and costs, which orders shall be paid as other county debts.

A. Whenever the county board in any county shall in any year determine the amount of all taxes to be raised for county purposes, such board shall include among the purposes for which such taxes are to be raised the payment of any outstanding judgment or judgments against such county for the payment of which no other provisions have been made.

B. The county board may provide for the payment of any such judgment or judgments and the interest thereon in equal annual installments, not exceeding however ten (10) in number, and may include one of such installments in the amount of taxes to be raised for county purposes in each year, but the aggregate amount of all taxes to be raised for county purposes shall not in any year exceed the rate of seventy-five (75) cents on the one hundred dollars ($100) valuation of property unless authorized by a vote of the people of the county. 1874, March 31, RS 1874, p 302 § 34; 1905, May 13, Laws 1905, p 134, § 1.

[3] Defendants attached to their unverified motion to dismiss, a copy of the opinion of the Circuit Court of Appeals in Highsmith v. Aetna Casualty & Surety Co., 339 F2d 985, in which this plaintiff, in a separate action, was denied recovery against the insurer. This case did not involve an appeal from her tort action against the county, in fact the county was not a party to the action which was determined by the Circuit Court of Appeals.

153

erred in the original tort case. But, even assuming that had the facts been properly presented in the tort action they would not have sustained plaintiff's judgment; her judgment became final, and judgments unsupported by the facts are not excepted from section 604. The reason is so obvious that it requires no comment.

██ Our courts have held that knowledge of the existence of a judgment imposes a duty and obligation on a County to comply with section 604, and imposes a positive duty to include among the purposes for which taxes are to be raised the payment of any outstanding judgments against the county for the payment of which no other provisions have been made. People v. Payne, 296 Ill 430, 129 NE 852; Halliday v. Pulaski County Board of County Com'rs, 203 Ill App 178. In the case of Supervisors of Coles County v. People, 226 Ill 576, 80 NE 1066, our Supreme Court held that mandamus is the proper remedy to compel the county board to comply with section 604, that the statute created a positive duty upon the board of supervisors to include among the purposes for which taxes are to be raised the payment of any outstanding judgments against the county for the payment of which no other provisions have been made, and that the statute is not unconstitutional as depriving the county of sufficient means to meet its ordinary running expenses or as impairing obligations of contract. In that case they point out that the statute proceeds upon the supposition that every county will be actuated by an honest purpose to pay its legal obligations, especially those which have been reduced to judgment and is intended to aid them in accomplishment of that purpose.

██ ██ Defendants contend that the levy of taxes for the payment of this judgment would require the public officials to violate article 9, section 9 of our Constitution since they contend this is not a debt for a corporate purpose, and that therefore mandamus must be denied. They cite as authority People v. Board of Edu-

cation, 386 Ill 522, 54 NE2d 508 and Leviton v. Board of Education of Chicago, 385 Ill 599, 53 NE2d 596. We agree that it is the law in Illinois, as expressed in those cases that mandamus will not lie to compel a positive duty fixed by law, if to do so would require a violation of the Constitution. But it is to be noted that both these cases involved a Board of Education which was a part of the City of Chicago, and that section 9 of article 9 specifically enumerates cities, towns and villages, and that enumeration has been held to be an exclusion of all other municipalities with reference to powers of special taxation. There is no question but that all taxation must be for corporate purposes but our Supreme Court has held that the levy of taxes to pay judgments against a county is a tax for county purposes, within the limits of the provisions of section 604 of the Counties Act (c 34, § 604) which limits the amount counties can levy for county purposes in any one year. People v. B. & O. S. W. R. Co., 350 Ill 217, 183 NE 22; Woodmen of World Life Ins. Society v. Cook County, 322 Ill App 112, 53 NE2d 994. Our Supreme Court has likewise pointed out that the entire authority of a county to levy taxes is derived from legislative grant. People ex rel. McClusky v. Alton & E. R. Co., 359 Ill 440, 194 NE 573, and that a county board has no inherent power to levy taxes, and the Constitution does not authorize any tax by a county board. People v. Wabash Ry. Co., 286 Ill 15, 121 NE 218. We know of no constitutional provision which questions a county's duty to tax under the provisions of section 604, providing taxes to pay judgments; section 9 of article 9 does not.

The situation in both Chicago Board of Education cases is clearly distinguishable from the case at hand. In those cases there was no statute comparable to section 604 of the Counties Act which had been declared by the Supreme Court to be a constitutional act of the Legislature; and there were no cases such as People v. B. & O.,

155

supra, and Woodmen of World Life Ins. Society, supra, holding that the purpose for which the levy was to be made was a corporate purpose. In those cases the bonds on which the judgments were taken were void; they were issued on the basis of unpaid tax anticipation warrants, and a tax anticipation warrant is not a debt—it is only a pledge of certain tax money when collected. In those cases to compel payment from other tax proceeds would require a violation of the constitution; this is made particularly clear in People v. Board of Education, 386 Ill at pages 530 and 531 when the court said:

> "We have repeatedly held a tax anticipation warrant does not create a debt; that the legislature is without power to authorize a city to issue bonds to pay warrants where the taxes levied were insufficient to pay them; (Berman v. Board of Education, 360 Ill 535;) that the legislature is without authority to authorize a municipality to issue bonds to pay a judgment which is based upon the failure to pay an anticipation warrant; (Leviton v. Board of Education, 374 Ill 594; Leviton v. Board of Education, 385 Ill 599;) that a municipality may not levy taxes in a succeeding year to pay the interest on anticipation warrant accruing in a different year; (People ex rel. Gill v. Schiek, 368 Ill 352; People ex rel. Lindheimer v. Axelrod, 373 Ill 446;) all because to do so would violate section 9 of article IX of the constitution."

In those cases the court pointed out that the judgments which petitioners sought to mandamus the Board of Education to pay, showed upon their face that to compel payment would require the board to violate the constitution. In the present case there is nothing upon the face of Wilma Highsmith's judgment to show that to compel its payment pursuant to section 604 of the Counties

Act, would force the county officials to violate the constitution or any statute. In People v. Board of Education the court spelled out the distinction at pp 533–534:

"(a) If there is authority of law for the creation of the debt, whether it takes the form of bonds, claims, or otherwise, and may be paid from a levy of taxes, mandamus may be employed because, there being authority in law to pay such class of claims, a judgment is deemed conclusive of the merits thereof; thus a municipal officer is not compelled to violate the law in doing the things proper to bring about payment.

"(b) If there is no authority for the creation of the debt, or if a levy of taxes for its payment would be in direct violation of a positive statute or the constitution, and such fact appears as a part of plaintiff's case when seeking mandamus, the court will not issue the writ to compel a violation of the constitution, because the judgment gives him no new rights with respect to its payment." (Citing cases.)

Here, (a) plaintiff's claim in negligence allegedly covered by insurance, and so found to be, resulted in a judgment by a court having jurisdiction; that judgment is of such class of claims as there was authority to pay from taxes under section 604 of the Counties Act and that judgment is deemed conclusive of its own merits. (b) There is authority for a competent court to enter a judgment against a governmental body for negligence when that court found the tortious acts of the governmental body to be covered by insurance, this defendant has admitted that to be the law, and the levy of taxes for payment of such a judgment is not in violation of any statute or the Constitution. No such fact as would indicate that the U. S. District Court lacked authority to

157

enter the judgment or that the levy of a tax to pay the judgment was prohibited by either a statute or the Constitution appear in any part of plaintiff's case.

Defendant also contends that this case is quite similar to the facts in the case of Brunson v. Caskie, 127 Ga 501, 56 SE 621, also cited in People v. Board of Education, supra. The distinction between that case is disclosed by the discussion of it in the Illinois case. There the county was not liable for the injury (here the county was determined to be liable because of insurance), and in Georgia a county was not permitted by the constitution to levy a tax unauthorized by the constitution. (In Illinois there is no constitutional authority for a county to levy a tax. People v. Wabash Ry. Co., supra.) The purposes for which the Georgia Legislature can empower a county to tax are severely restricted, in fact enumerated, by the Georgia Constitution.

We therefore conclude that the judgment on which plaintiff sought mandamus to enforce is conclusive of its own merits, that to grant the writ will not compel the county officials to violate any statute or provision of the Constitution of this State. Defendant has failed to either allege or prove affirmatively any facts which would indicate that it can controvert the matters set up in the verified petition for writ of mandamus or the motion for summary judgment. It has only argued its theory on an assumed set of facts, which if properly presented and proved would not be a defense.

We, therefore, reverse the judgment of the Circuit Court of Jefferson County, remand the cause, and direct that Court to enter the Writ of Mandamus.

Reversed and remanded with directions.

MORAN and GOLDENHERSH, JJ., concur.